# HYAM JOSEPH *v.* THOMAS H. HOLT.

PLEADING OF WRITTEN CONTRACT.—A contract in writing may be declared on according to its legal effect, or in *hæc verba.* Where the contract is made part of the complaint, it must show upon its face, in direct terms, and not by implication, all the facts which the pleader would have to allege in the mode of pleading by averment, and where the contract is of such character it is more consistent with the mode of pleading prescribed in the Practice Act to declare on it in *hæc verba.*

REQUISITES OF CONTRACT FOR SALE OF LAND UNDER STATUTE OF FRAUDS.—To take a contract for the sale of lands out of the Statute of Frauds, (Ch. 1, Sec. 8,) a mere note or memorandum in writing, subscribed by the vendor or his agent, containing the names of the parties and a summary statement of the terms of the sale, either expressly or by reference to something else, is all that is required. The note or memorandum required by the statute may be something different and less specific than the contract of sale itself, and may be valid under the statute, although insufficient as part of a pleading declaring on the contract of which it is the evidence.

IDEM—PLEADING.—In an action by J., a vendor of real estate, against H., his vendee, to compel, first, a specific performance, and, second, if from any cause such performance should be impossible, then to recover judgment for the purchase money, etc., the complaint showed that at the date of the alleged contract the plaintiff was the owner in fee of the land in question, and that, being desirous of selling, and the defendant minded to buy, the parties entered into and signed the following agreement: "I have this day purchased of J. his brick building and lot ❋ ❋ ❋ for the sum of ten thousand dollars, to be paid in the following, viz: To give two promissory notes of S. and G. for two thousand dollars each, dated 13th July, 1867; ❋ ❋ ❋ also, one note for two thousand seven hundred and seventy-five dollars, dated July 13th, 1867; ❋ ❋ ❋ and my note for three thousand dollars, payable at ten years from date. ❋ ❋ ❋ I also agree to release J. from paying the taxes on the property herein described due for the years 1867 and 1868. Abstract of title must be satisfactory. Signed, H. and J.," and dated at San Francisco, September 26th, 1867. The complaint further alleged that upon due performance of the contract by the defendant, the plaintiff was ready and willing to convey the premises by good and sufficient deed and let the defendant into possession. That the defendant, upon demand duly made, refused to perform the contract, and expressly waived a tender of said deed by the plaintiff. The Court below sustained a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. *Held,* that while said agreement in writing is valid under the Statute of Frauds, it is nevertheless insufficient as a pleading of the contract of sale sought to be enforced, and that the demurrer was properly sustained.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Wm. Hayes*, for Appellant.

*Wilson & Crittenden*, for Respondent.

By the Court, SANDERSON, J. :

This is an action by a vendor of real estate against his vendee to compel: first, a specific performance; and second, if from any cause the defendant is unable to perform the contract specifically, to obtain a judgment for the purchase money and a sale of the real estate to satisfy the judgment. The defendant demurred to the complaint, upon the general ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the Court below, with leave to amend, but the plaintiff elected to stand upon his complaint as already framed, and a judgment dismissing the action was accordingly rendered.

The complaint shows that on the day on which the alleged contract was made, the plaintiff was the owner in fee simple of the land in question, and that, being desirous of selling, and the defendant minded to buy, they entered into and signed the following agreement:

"I have this day purchased of Hyam Joseph his brick building, situated on Stockton street, between Greenwich and Union streets; said lot having a frontage of twenty-two feet eleven inches, by a depth of one hundred and thirty-seven feet six inches, for the sum of ten thousand dollars, to be paid in the following, viz: To give two promissory notes of E. L. Sullivan and W. H. Grattin, for two thousand dollars each, dated 13th July, 1867, payable two years from date, bearing interest at one per cent per month; also, one note for two thousand seven hundred and seventy-five dollars, dated 13th July, 1867, for three years, at one per cent per month; and my note for three thousand dollars, payable at ten years from date of deed, with interest at ten per cent per annum, payable in

gold coin of the United States; my note to be secured by mortgage on the property. Should I wish to pay my note before the full expiration of ten years, then I agree to pay Joseph one hundred dollars for the privilege of paying said note before maturity, by giving him six months notice of my intention to pay said note. Interest on my note to be paid every three months.

"I also agree to release Joseph from paying the taxes on the property herein described due for the years 1867 and 1868. Abstract of title must be satisfactory.

"THOS. H. HOLT,

"HYAM JOSEPH.

"San Francisco, September 26th, 1867."

It is next averred that the plaintiff has always been and still is willing and ready to perform, on his part, and upon the performance by defendant, to convey the premises in question by a good and sufficient conveyance, and let the defendant into the possession. That in October, 1867, the defendant refused to perform, alleging by way of excuse, that his wife was not satisfied with the condition of the building on the premises. That the plaintiff was then willing and ready to tender to the defendant a good and sufficient deed, but the defendant then and there expressly waived and dispensed with such tender, and upon demand refused to deliver the notes and mortgage mentioned in said agreement, or either of them. That contrary to said agreement the defendant did not release the plaintiff from the payment of the taxes of 1867 and 1868, but refused, whereby the plaintiff was compelled to pay them, amounting to one hundred and forty-one dollars and seventy-five cents, in gold coin. Wherefore, etc.

The particular objections to the complaint which we deem it necessary to consider, are:

First—It is not averred that there was a sale or an agreement to sell on the part of Joseph, except by setting out the alleged contract in *hæc verba;* and,

Second—The contract itself shows no such agreement to sell, or, in other words, no mutuality of obligation.

Third—That the notes of third parties were to be given, which could not be done without their consent, and, therefore, specific performance cannot be decreed.

A contract may be declared on according to its legal effect or in *hœc verba.* (*Stoddard* v. *Treadwell*, 26 Cal. 294.) If either course is to be preferred, we consider it to be the latter, which is also more consistent with the mode of pleading which has been adopted in this State. (Practice Act, Sec. 39.) Where the contract which is declared on is in writing, the insertion of a copy of it in the complaint is the simplest and most satisfactory mode of showing to the Court its purport and legal effect. By such a course *oyer* of the instrument may not be required, and all possibility of variance may be obviated. But to enable the pleader to adopt this latter mode, the instrument which is thus adopted as a part of the complaint must show *upon its face* in direct terms, and not by implication, all the facts which the pleader would have to allege under the former mode of pleading by averment. For example: a note or memorandum in writing of a contract may be sufficient to take it out of the Statute of Frauds, but prove insufficient as a pleading when put to use for that purpose.

The instrument copied into the complaint in this case may be a sufficient note or memorandum of a sale of the premises in question by the plaintiff to the defendant to satisfy the eighth section of the First Chapter of the Statute of Frauds, which provides that "every contract for the leasing for a longer term than one year, or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made;" and yet fail to contain an averment, or its equivalent, of an agreement on the part of the plaintiff to sell and convey the premises in question, when tested by the rules of pleading. Hence, by the points

under consideration, two questions are presented: First—Is the instrument set out in the complaint sufficient to satisfy the Statute of Frauds? And, second—If so, does it state facts sufficient to permit its use as a pleading, or as part of a pleading, without other averments as to the contract than those which the contract itself contains?

To take a contract for the sale of land out of the Statute of Frauds, a mere note or memorandum in writing, subscribed by the vendor or his agent, containing the names of the parties and a summary statement of the terms of the sale, either expressly or by reference to something else, is all that is required. The statute does not require a formal contract, drawn up with technical exactness, for its language is: "The contract *or* some note or memorandum thereof," thus recognizing a difference between the contract itself and the written evidence which the statute requires. (Chitty on Contracts, 69.) It is of no consequence whether the note or memorandum purports to be in the language of the vendor, or the vendee, or both. If, as in this case, it purports to be in the language of the vendee, it is none the less a note or memorandum stating the names of the parties, and expressing the consideration. By subscribing such a note or memorandum the vendor vouches for the truth of the facts therein stated, and, if need be, adopts it as his own. It thereupon ceases to be the *ex parte* statement of the vendee, and becomes the joint act of both. Had the language of the note been: "Holt has purchased from Joseph," it is presumed counsel for the defendant would not have questioned its sufficiency; for such language includes the statement of both a purchase by Holt and a sale by Joseph; yet there seems to be no difference in the meaning between such language and the language used in this memorandum, "I (Holt) have purchased from Joseph," for it also includes the equivalent expression, "Joseph has sold to me (Holt)," for Holt cannot have purchased unless Joseph has sold. It is undoubtedly true that an *ex parte* or unilateral statement or proposition, either in discourse or writing, will not raise a

contract. To raise a contract the proposition must be assented to by the other side. But this is not the case of a unilateral proposition or offer. It is no offer at all. It is the statement of what has already transpired, by one party showing his action expressly, and the action of the other by necessary implication, and assented to by the latter by the act of subscribing his name. It is the statement of the fact of a sale and purchase already made, and not a mere proposition to sell or buy. It is a recital by one party of what has already transpired, and the recital is assented to by the other as true. It was evidently intended not as a formal contract, but merely as a note or memorandum to satisfy the Statute of Frauds, and we have no doubt of its sufficiency for that purpose; for it shows a sale and the parties to it, expresses the consideration, and is subscribed by both parties.

But, as already hinted, being a mere note or memorandum, it fails to state the terms of the contract with fullness and precision sufficient to permit its use as a pleading. A complaint should state expressly, that is to say, in direct terms, the facts constituting the cause of action, leaving no essential fact in doubt, or to be inferred or deduced by argument from other facts which are stated. As inference, argument, and hypothesis cannot be tolerated in a pleading, (*Green* v. *Palmer*, 15 Cal. 411,) so material facts cannot be left to inference, argument, or hypothesis, but must be expressly and in terms affirmed. Hence the rule which permits the pleader to declare upon a contract in *hæc verba*, is and must be limited to cases where the instrument set out contains the formal contract, showing in express terms the promises and undertakings upon both sides. To extend the rule to mere notes or memoranda made, not as constituting a formal contract, but merely for the purpose of providing written evidence of its terms, sufficient to take it out of the Statute of Frauds, would be to substitute inference and argument for facts. Had a formal contract been drawn up between these parties, it would have shown an express agreement on the part of the plaintiff to sell and convey by a good and

sufficient deed, as well as a promise by the defendant to buy and make payment in the manner stated in this note. The promise of the plaintiff to sell and convey would not have been left to implication or argument, and the contract could then have been put to use as a pleading, for the undertaking of the plaintiff would have then appeared with all the precision and certainty of an express averment. Aside from the implication arising from the terms of the note and the signature of the plaintiff thereto, there is nothing said in the complaint as to the undertaking of the plaintiff. In a pleading promises cannot be implied, but must be averred.

Upon the same line of reasoning, the complaint is also defective in another respect. By way of part performance, the defendant was to give three promissory notes of Sullivan and Grattin, about which the complaint is entirely silent, except the mention made of them in the note or memorandum of the contract, which fails to show that they were even then in existence, except by inference from the fact that they are described as being dated more than two months prior to the date of the alleged contract, and much less that they were the property or in the control of the defendant. *Non constat*, from aught that appears, that they were in existence, or, if so, that they were in the possession of the defendant or subject to his order. It may be, from aught that appears, that they were not in existence at the time the defendant contracted to give them, and that he expected to obtain them thereafter, and that, for some reason, they were to be antedated. Unless they were in existence and under his control, the defendant's ability to perform would depend upon the consent of Sullivan and Grattin, and if their consent could not be obtained, the defendant could not be decreed to perform, for that would involve an impossibility.

It must be that in an action of this kind the complaint must make a case in which the defendant is at least *prima facie* able to perform. Where a bill was filed against the provisional committee of a projected railway company, for the specific performance of an agreement to deliver a certain

number of scrip certificates, there being no allegation that the defendants had any scrip which they could deliver, but a statement from which the contrary might possibly be inferred, a demurrer was sustained, on the ground that the bill did not show any capacity in the defendants to perform their agreement. (*Columbine* v. *Chichester*, 2 Phil. 27.) Where a party calls upon the Court to compel another to do a particular thing, he ought to allege that he can do it, and not leave his capacity to do it in doubt or resting on presumption. Presumptions are always against the pleader, and all doubts are to be resolved against him, for it is to be presumed that he has stated his case as favorably as possible to himself. Instead of its being alleged that the promissory notes of Sullivan and Grattin were in existence and in the possession of the defendant at the time the contract was made, or, if not, that the defendant has since obtained them, and is now in condition to perform, the whole matter is left in doubt, or at least dependant upon inference or presumption. Where such is the case the pleading is bad.

Judgment affirmed, and remittitur directed to issue forthwith.