HUSTON, C. J.
Plaintiff commenced her action in the district court by filing complaint, of which the following is a copy:

“In the Fourth Judicial Court in and for Flmore County, of the State of Idaho.

“October Term, 1892.
MARY A. J. MORE,
Plaintiff, vs.
ELMORE COUNTY IRRIGATION COMPANY, Limited, a Corporation,
Defendant.
“COMPLAINT.
“The plaintiff complains and alleges: 1. That defendant is a corporation organized and existing under the laws of the state of Hlinois, and doing business as such corporation in Elmore county, Idaho, with principal place of business in Cook county, Illinois. 2. That this plaintiff, on the twenty-ninth day of April, 1892, owned and controlled, for her own use and benefit, certain water rights on the following described lands In Elmore county, tó wit: The north half of the northwest quarter of section 24, and the southwest quarter of the northwest quarter of section 25; also, the south half of the southwest. quarter of section 25 — all in township 4 south, range 6 ■east, Boise meridian. 3. That defendant desiring to procure of this plaintiff a surrender of her said water rights, title, and interest therein, and to divert said water to defendant’s use and benefit, and in consideration of this plaintiff surrendering to defendant her said right, this plaintiff and defendant entered into a certain written contract whereby said defendant agreed to furnish this plaintiff a perpetual water right to said premises, and especially without charge for the year 1892. A copy ■of said contract is hereto attached, and marked Exhibit CA,’ ■and made a part hereof. 4. That under and by virtue of ■said contract the said defendant appropriated said water of this plaintiff to its own use and benefit, but failed to supply this *732 plaintiff with water in time and quantity as agreed, and her land, and crops growing thereon, were damaged by drought; and, by reason of said defendant’s failure to supply plaintiff with water in time or by terms of said contract, plaintiff has been damaged in her lands and crops in the sum of nineteen hundred and seventy-five' dollars ($1975.00). Wherefore plaintiff prays for judgment in the sum of nineteen hundred and seventy-five dollars ($1975.00), together with interest and costs of this action.
“WILL H. DIAL & D. T. MILLER,
• “Attorneys for Plaintiff.”
Duly verified September 10, 1892. Piled September 19, 1892.
“EXHIBIT CA.’
“Mountain Home, Idaho, April 29, 1892.
“It is herein agreed, by and between the Elmore County Irrigation Company, Limited, and Mgry A. J. More, in consideration of the surrender and assignment of all the water rights, and interests in water rights, held and owned by the said Mary A. J. More, in water rights to the following described land, to-wit: The north half of the northwest quarter, section 24, and the southwest quarter of the northwest quarter of section 25; also, the south half of the southwest quarter of section 25 — all in township 4 south, range 6 east, Boise meridian, in consideration of a perpetual water right from the said Elmore County Irrigation Company, Limited. It is further agreed the ■ Elmore County Irrigation Company, Limited, will not -charge said Mary A. J. More for use of water upon said land for the year 1892 A. D.
“ELMORE COUNTY IRRIGATION COMPANY, Lt’d.
. “THOMAS J. PARREL, “President.
“MARY A. J. MORE.”
To this complaint, defendant demurred, generally, that complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, answer filed, trial had before court with a jury, and verdict for plaintiff. Prom the judgment rendered on said verdict, defendant appeals.
*733 The only error relied upon by appellant in this court is in the overruling of the demurrer by the district court. “A contract may be declared on according to its legal effect, or in haec verba, .... but, to enable the pleader to adopt this latter-mode, the instrument which is thus adopted as a part of the complaint must show upon its face in direct terms, and not by implication, all the facts which the pleader would have to allege under the former mode of pleading by averment.” (Joseph v. Holt, 37 Cal. 253.) We are admonished that, under our statutes, pleadings should be liberally construed. While fully recognizing the obligation imposed upon us by that provision of the statute, we must still insist that there is a limit to judicial generosity in this behalf, and we know of no existing system of pleading under which the complaint in this case can be sustained against a general demurrer. We are limited, in our consideration of this case, to the errors assigned and discussed; with the merits of the case we have nothing to do. Many of the authorities cited by counsel for respondent, and much of his argument, go to the merits of the case; but we are confined in this decision to the one question raised by the record, to wit, the sufficiency of the complaint. There is no consideration expressed in the contract; there is a proposed consideration, but no evidence that any consideration ever passed, either from the plaintiff to the defendant, or vice versa. This action was brought to recover damages for the failure of defendant to furnish water for the purpose of irrigating certain lands during the year 1892. There is no agreement by defendant, expressed in the contract, to furnish the plaintiff with water for the year 1892. The terms of the contract are: “It is further agreed the Elmore County Irrigation Company, Limited, will not charge said Mary A. J. More for use of water upon said land for the year 1892 A. D.” We are not permitted to infer from this statement in the contract an obligation on the part of the defendant to furnish plaintiff with any amount of water at any time. By so doing we should not construe the contract, but makel one. There is no averment in the complaint on the contract that plaintiff ever transferred to defendant any water right or water rights whatever, and we are not at liberty to imply or infer such transfer. As before stated, *734 we can consider nothing in this ease except the error assigned, and that is the overruling of the demurrer to the complaint. This was error, and for such error the judgment of the district court is reversed, and the cause remanded to the district court for further proceedings; costs awarded to appellant.
Morgan and Sullivan, JJ., concur.