(January 29, 1896.)

## BRAY v. ELMORE COUNTY IRRIGATION COMPANY.
[44 Pac. 432.]

COMPLAINT—CAUSE OF ACTION.—*Held,* that the complaint states a cause of action.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

E. M. Wolfe, for Appellant.

This is an action for damages for the breach of an alleged contract to furnish water for the year 1892. There was a demurrer filed and overruled. Trial had, resulting in a verdict for plaintiff for $500; from the judgment on said verdict this appeal is taken. The complaint does not state facts sufficient to constitute a cause of action. They plead the contract *in haec verba,* and set out a copy by exhibit, which exhibit does not contain the necessary elements of a contract in either of the following particulars: Mutuality of agreement, time or quantity. Where a contract is declared on *in haec verba* it must contain all the averments necessary to the proper pleading of the case. (*Joseph v. Holt,* 37 Cal. 253.) There was no agreement to furnish plaintiff any certain quantity of water at any certain time in the year 1892. The case of *More v. Elmore County Irr. Co.,* 3 Idaho, 729, 35 Pac. 171, decided at the December, 1893, term of this court, and the case at bar are identical.

Texas Angel, for Respondent, filed no brief.

Following is a copy of the complaint:

"The above-named plaintiff, by his amended complaint, herein complains against the above-named defendant, and for his cause of action herein alleges: 1. That the defendant is a corporation organized and existing under the laws of the state of Illinois, and doing business as a corporation under the corporate name of the Elmore County Irrigation Company, Limited, in Elmore county, state of Idaho. 2. That on the twenty-eighth day of April, 1892, this plaintiff was the owner and lawfully entitled to the use of one hundred and sixty inches, measured under a four-inch pressure, of the water of Canyon creek, in Elmore county, state of Idaho, and had possession of the same, and for five years and upward last past had continuously used the same for the purpose of irrigation and for domestic purposes and for watering stock, upon the northeast quarter of the northeast quarter, and the west half of the northeast quarter, and the northwest quarter of the southeast quarter, in section 2, township 5 south, range 6 east, Boise meridian, in Elmore county, state of Idaho, which lands were, and had been for five years and upward last past, owned and in the lawful possession of this plaintiff. 3. That the defendant, desiring to procure of this plaintiff a surrender of his said water right, title, and interest therein, and to divert said water for the defendant's use and benefit, and in consideration of his surrendering to defendant all his said water rights aforesaid in said premises, entered into an agreement with plaintiff to furnish him, in lieu thereof, a perpetual water right to said premises, and agreed with this plaintiff that the said defendant would make no charge for the water to be furnished by defendant to plaintiff for the year 1892, which said contract was made in writing, and also in duplicate. One copy was signed by the plaintiff and delivered to the defendant, and the other was signed by defendant and delivered to plaintiff, a copy of each of which is hereto attached, and marked exhibits 'A' and 'B,' and made a part hereof. 4. That pursuant to the said contract and the terms thereof the plaintiff surrendered to the defendant the use of all of said water for the year 1892, commencing at the time said contract was entered into and said defendant took possession of and used all of said plaintiff's water rights and water for its sole use and benefit. That the

defendant, disregarding said contract to furnish water for the year 1892, wholly failed and neglected to furnish or supply plaintiff with water during the year 1892, as therein agreed, in any quantity, or at any time; thereby causing this plaintiff to wholly lose his entire crop of hay, pasturage, and other agricultural products, and causing him great trouble and expense in providing water for his stock and fruit trees, to his great damage in the sum of eighteen hundred dollars ($1800), and by no fault of this plaintiff. Wherefore plaintiff prays judgment against defendant for the sum of eighteen hundred dollars ($1800), together with interest and cost of this action. Duly verified this third day of November, 1892.

"TEXAS ANGEL, and          WILL H. DIAL.
D. T. MILLER,
          "Attorneys for Plaintiff."

Exhibit "A."

"Mountain Home, Idaho, April 28, 1892.

"It is agreed between the Elmore County Irrigation Company, Limited, and Charles Bray: In consideration of the surrender of all rights, titles, and interest said Charles Bray may claim in or to any water rights in the following described land, to wit, the northeast quarter of the northeast quarter, and the west half of the northeast quarter, and the northwest quarter of the southeast quarter, in section 2, township 5 south, range 6 east, Boise meridian; in consideration of which, the said Elmore County Irrigation Company agrees to give said Charles Bray perpetual water rights for said land. And it is further agreed that no charge will be made for water on said land during the year A. D. 1892.

"ELMORE COUNTY IRRIGATION CO., Limited.
          "By THOS. B. FERRELL,
                    "President."

Exhibit "B."

"Mountain Home, Idaho, April 28, 1892."

"It is agreed between the Elmore County Irrigation Company, Limited, and Charles Bray: In consideration of the surrender of all rights, titles, and interest said Charles Bray may

claim in or to any water rights in the following described land, to wit, the northeast quarter of the northeast quarter, and the west half of the northeast quarter, and the northwest quarter of the southeast quarter in section 2, township 5 south, range 6 east, Boise meridian; in consideration of which the said Elmore County Irrigation Company agrees to give said Charles Bray perpetual water rights for said land. And it is further agreed that no charge will be made for water on said land during the year A. D. 1892.          CHARLES BRAY."

SULLIVAN, J.—This is an action for damages for an alleged breach of contract to furnish water to plaintiff for the season of 1892. A demurrer to the complaint was made and overruled. Thereupon defendant answered. Trial was had, and resulted in a verdict and judgment in favor of plaintiff for $500. This appeal is from the judgment. Appellant specifies or assigns two errors: 1. The court erred in overruling the demurrer to the complaint; 2. That the judgment is not sustained by the pleadings. There is no merit in either of the alleged errors. It is contended that the complaint in this case is identical with the one in *More v. Irrigation Co.*, 3 Idaho, 729, 35 Pac. 171, decided by this court, but there is nothing in that contention, as the complaints are not alike in any particular. In that case the demurrer to the complaint was overruled. Mr. Justice Huston speaking for the court said: "There is no agreement by the defendant expressed in the contract to furnish the plaintiff with water for the year 1892. The terms of the contract are: It is further agreed the Elmore County Irrigation Company (Limited) will not charge said Mary A. J. More for use of water upon said land for year 1892. We are not permitted to infer from this statement in the contract, an obligation on the part of the defendant to furnish plaintiff with any amount of water, at any time. By so doing we should not construe the contract, but make one." In the case at bar the complaint states a cause of action and the exhibits attached to the complaint taken together constitute a valid contract.

The judgment is affirmed. Costs awarded to respondent.

Morgan, C. J., and Huston, J., concur.