## HATSUNOSUKE SAKATA v. Y. YOSHIKAWA.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED OCTOBER 12, 1914.            DECIDED NOVEMBER 4, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

SPECIFIC PERFORMANCE—*pleading*—*sufficiency of allegations as to agreement sought to be enforced.*

Where a bill of complaint alleges the drafting and delivery of a lease by respondent, as lessor, to complainant, as lessee, pursuant to prior negotiations had between the parties, a copy of said lease complete in all its terms being attached to the complaint and made a part thereof; the promise of lessor to execute such lease; the entering into possession by the lessee of the demised premises and his occupancy of the same for several months, during which time lessor neglected (without refusing) to execute such lease; the execution of the instrument by lessee; the acceptance of rent by lessor under the terms of said lease, and the making of permanent improvements on the demised premises by the lessee in reliance on the promise of lessor that he would execute the lease, held, that the complaint sufficiently alleges the agreement sought to be enforced, and the facts stated make a clear case of an offer to execute a lease, accepted and fully performed by complainant and partly performed by respondent.

OPINION OF THE COURT BY WATSON, J.

This is an appeal from a decree of a judge of the first circuit court, sitting at chambers in equity, sustaining a demurrer to complainant's third amended bill of complaint in a suit for the specific performance of a leasehold agreement and dismissing the suit. The demurrer was interposed upon several grounds, one of which was sustained, viz., that it nowhere appears, except inferentially, just what the oral agreement was the specific performance of which is sought in this suit. The bill, by paragraphs, avers: (I) jurisdictional facts as to the residence of the parties; (II) that prior to the eleventh day of February, 1913, complainant, as lessee, and respondent, as lessor, entered into negotiations for a leasehold agreement for

a term of ten years, at a rental of $30 a month, of certain premises on Emma street in the city and county of Honolulu; (III) that in pursuance of said negotiations the said lessor, respondent herein, had his attorney prepare a typewritten memorandum in duplicate of such leasehold agreement (so being negotiated), a copy whereof was presented by said lessor to lessee, complainant herein, on date of February 11, 1913; that at that time lessee paid to lessor the sum of $30, rent for one month from date of February 1, 1913, for the payment of which amount the said lessor gave his receipt in writing (a copy of said so-called leasehold agreement, the same being an indenture of lease in due form, is attached to complainant's bill of complaint as an exhibit and by reference made a part of the complaint); (IV) that said memorandum of leasehold agreement so prepared by lessor's attorney and by said lessor presented to lessee fully and accurately set forth all the terms and conditions of said leasehold agreement, and the premises therein described are the premises pointed out by the lessor to the lessee as the premises upon which lessee was to enter; (V) that prior to the time when the lessor had his attorney prepare the aforesaid typewritten memorandum of leasehold agreement respondent had purchased lumber and had the same hauled to the premises described in said agreement and had employed a carpenter to tear away the old building in preparation for a new building and had already procured a building permit for a new building; that at the time of the negotiations for the leasehold agreement it was agreed between lessor and lessee that complainant should pay respondent the cost of this lumber and the hauling of the same and should pay the wages of the carpenter for tearing away the old building and should pay the cost of the building permit, and that complainant should erect the new building theretofore contemplated by respondent; that this agreement last aforesaid was no part of the leasehold agreement, nor were such payments to respondent and the construction of the new building to be a condition precedent to the execution by lessor of

the leasehold agreement; (VI) that upon payment of the rent
for the month of February, 1913, lessee forthwith entered upon
the demised premises; that he paid to lessor the cost of the
lumber and of the hauling of same and the cost of the labor of
the carpenter for tearing away the old building, and the cost
of the building permit, in the aggregate sum of $227, and that,
relying on the promise of lessor to execute the typewritten mem-
orandum of leasehold agreement, lessee purchased other and
additional building material and proceeded to erect and did
erect one new cottage on the leased premises and did make re-
pairs to the buildings theretofore standing upon the ·demised
premises at an aggregate cost and reasonable value of $794,
which sum includes the $227 paid by lessee to lessor as afore-
said; (VII) that complainant paid the rent as provided in said
leasehold agreement, to wit, the sum of $30 per month, and that
lessor accepted and receipted for the same, up to and including
the month of June, 1913; also that lessee paid the lessor the
water rates, sewer rates, taxes and insurance for three years in
advance in the aggregate sum of $38.15; that after the month
of June, 1913, and the payments by lessee to lessor as afore-
said, and after the completion of the improvements and the ex-
penditure by lessee upon the demised premises lessor refused to
accept further payments of rent and after said month of June,
1913, refused to execute said typewritten agreement and noti-
fied lessee to vacate the demised premises; that on August 8,
1913, lessor brought an action against lessee in the district court
of Honolulu for summary possession of the demised premises,
which action was dismissed at the instance of lessee because of
insufficient notice to vacate, as required by statute; that there-
after, on November 19, 1913, lessor served on lessee a notice
in writing to vacate, a copy of such notice being attached to
complainant's bill as exhibit "B;" (VIII) that complainant
has deposited in the court in this suit for the benefit of lessor all
rents accruing subsequent to the month of June, 1913; (IX)
that on February 11, 1913, the date of the delivery by lessor

to lessee of the typewritten leasehold agreement, lessor prom-
ised to execute said instrument and gave as his excuse for not
doing so on that day that he was too busy to go to the office of
his attorney; that at the time of the subsequent payments of
rent lessee requested the execution of said agreement but lessor
again gave as his excuse that he was too busy but said he would
execute the agreement; that lessee was in possession of the de-
mised premises and that it was just as good as if he, lessor, had
signed the lease; that complainant has executed and delivered
to lessor a copy of said typewritten memorandum of said lease-
hold agreement; (X) that if lessor is not required to execute
said leasehold agreement as prepared by his said attorney and
if lessee is removed from possession of the demised premises
he, lessee, will suffer great and irreparable injury; that he has
no complete and adequate remedy at law and that lessor is not
able to respond in money damages in an action at law; that
lessee can have no other full and complete relief than by the
performance of said leasehold agreement by lessor. The prayer
of the bill is that the lessor may be ordered to execute said type-
written memorandum of leasehold agreement, and for general
relief.

In considering this appeal it is only necessary for us to pass
upon the one question whether the complaint sufficiently states
the agreement sought to be enforced. We are of the opinion
that it does. There is an allegation that on February 11, 1913,
the respondent, pursuant to prior negotiations had with the com-
plainant, had drafted by his attorney and in person delivered
to complainant a leasehold agreement (lease) which he prom-
ised to execute. Complainant, upon the delivery of such draft,
paid the rent reserved thereunder for the first month, took pos-
session of the demised premises and made permanent improve-
ments thereon "relying on the promise of the lessor that he would
execute the leasehold agreement." The acts performed by com-
plainant were exclusively referable to the contract. *Veeder* v.
*Horstmann,* 83 N. Y. S. 102; *Cooley* v. *Lobdell,* 153 N. Y.

596, 602; Browne, Statute of Frauds, §458. Complainant thereafter executed and delivered to respondent a copy of said agreement. It is alleged that complainant entered and held full possession of the premises until June following the delivery of the draft to him in February, paying rent therefor according to said agreement, but respondent neglected (without refusing) during that time to execute on his part the lease so tendered by him when lessee took possession, and at the expiration of five months respondent refused to execute such lease, refusing to accept further rent thereunder, and demanded that complainant vacate the premises. Respondent, when he delivered possession to the complainant, must be taken to have done so on the terms of the draft-agreement which had been delivered by him to complainant. There is, therefore, a sufficient allegation of the terms of the agreement. *Pain* v. *Coombs,* 1 DeG. & J. 34; *Wharton* v. *Stoutenburgh,* 35 N. J. E. 266; Taylor's Landlord & Tenant, p. 451. (A copy of the lease which it is alleged respondent agreed to execute is attached to the bill of complaint as an exhibit, and adopted as a part thereof. The terms of the contract are fully set out therein.) That it is proper thus to set out the contract *in haec verba,* see 20 Enc. *Pl. & Pr.* 441, note 4; *Joseph* v. *Holt,* 37 Cal. 250.

The allegations relating to the negotiations between the parties, as contained in paragraph II of the bill, may be treated as mere matter of inducement, and it may be assumed for the purpose of this case that up to the time of the drafting of the so-called leasehold agreement (lease) by lessor's attorney and its delivery by lessor to lessee that the negotiations between the parties were still in the treaty stage and no agreement concluded between them. The delivery of possession to the lessee, however, and the performance by him of the acts alleged in the complaint constituted an acceptance of lessor's offer, and an agreement was thereupon concluded between the parties which may be enforced in a court of equity. Pomeroy on Contracts, Secs. 64, 66, 67; *Seaman* v. *Aschermann,* 51 Wis. 678; also 3 L. R.

Sakata v. Yoshikawa, 22 Haw. 288.

A. N. S. 852, case note. While the allegations of the bill are disjointed and disconnected, and the facts relied on are not always made to appear sequentially, we are none the less of the opinion that the complaint sufficiently alleges the agreement which is sought to be enforced and that the facts stated make a clear case of an offer to execute a ten years' lease, accepted and fully performed by complainant and partly performed by respondent.

The decree appealed from is reversed and the case is remanded to the circuit judge for further proceedings.

*W. J. Sheldon* for complainant.

*J. Lightfoot* for respondent.