PEDRO CLAUSELLS ARMSTRONG, Plaintiff and Appellee, v. ENRIQUE SALAS ET UX., Defendants and Appellants.

No. 6911. Argued March 11, 1936.—Decided March 5, 1937.

*Rafael Cintrón Lastra* for appellants. *Gustavo Rodríguez* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

This action, designated in the complaint as a resolutory action, was brought to obtain an adjudication to the effect that two contracts, each for the purchase and sale of a city lot, had come to an end in accordance with the terms of a resolutive condition contained in each of said contracts and to the effect that plaintiff was entitled, under the terms of the resolutive condition to recover possession of the two lots and to retain a certain part of the money paid to him by the prospective purchaser. Defendant demurred for want of facts sufficient to constitute a cause of action and now says that the district court erred in overruling his demurrer.

The third, fourth, sixth, and ninth paragraphs of the complaint read as follows:

"3rd.—The conditions of price, payment, interest, and time were established thus: Mr. Salas would pay $969 for the lot, of which amount he had paid $100 on account to Mr. Clausells, on the day of the contract, and the remaining $869 should be paid by him at the minimum rate of $15 monthly, payable on the 30th of each

month, from the date of said contract, and the amount so paid would be charged to capital and ·interest at the rate of 8 per cent per annum, drawn each month until total payment; the period fixed for the payment of the total price would not extend beyond three years, at the end of which Salas should have paid the total price of the lot promised in sale by Clausells, or, in the contrary case, the contract would be considered as rescinded, proceeding to its liquidation.

"4th.—The following penal and resolutive conditions were established: If Enrique Salas should not make three monthly payments, as stipulated, whether they were consecutive or not, the contract would be considered as rescinded, at the option of Mr. Clausells, and the contract shall then be liquidated as follows: Clausells would retain title over one-half of the sums paid by Salas, as damages for the breach of the contract and over the total amount of those sums already paid by Salas as interest already due, and over the interest payable until the termination of the affair, the plaintiff Clausells having the right to obtain possession over the lot which was the object of the contract, so as to be able again to dispose of it freely, paying over to Salas the other half of the sums paid, once the aforesaid deductions were made.

"6th.—It was agreed that once Salas would pay the purchase price of the lot and pay the interest due, Clausells would make the sale, Salas to be exclusively responsible for the payment of the expenses of the deed, of the taxes owed by the lot since the date of the contract, of the judicial expenses in case of a suit and of the fees of Clausells' attorneys, charged by reason of the contract.

"9th.—The defendant Enrique Salas paid $308.50 on account of the contract. He did not pay the interest drawn since the first of February 1932 and up to July 30, 1934, at 8 per cent per annum, that is, thirty months at the rate of $4.40 monthly, which yields a total of $132. Under the contract, this sum should be deducted from what was paid on account of the purchase price of the lot, leaving a remainder of $176.50, and from this remainder the $32.69, corresponding to the taxes paid, should be deducted and then there remains $143.81. One-half of this sum, that is, $71.90, belongs to the plaintiff Clausells and the other half belongs to the defendants."

The second cause of action contains similar averments with reference to the other lot with slight variations as to the amount of purchase price and other minor details.

Appellants invoke the second paragraph of section 1340 of the Civil Code (1930 ed.) in support of a contention that plaintiff should have alleged impossibility of performance and that, in the absence of such an averment, other provisions of the code concerning obligations and contracts are inapplicable. They cite *Joseph* v. *Holt*, 37 Cal. 250; 23 Mucius Scaevola 332, 333.

Appellants also rely on section 1246 of the Civil Code (1930 ed.), which reads as follows:

"The action for rescission is a subsidiary one; it may be enforced only when the person injured has no other legal remedy to obtain reparation for the injury."

In support of an objection that the complaint contains no averment as to tender or offer on the part of plaintiff, appellants cite *Gutiérrez Widow of Crosas* v. *Longpré*, 44 P.R.R. 643; *Loeffler* v. *Wright*, 13 Cal. App. 224, and section 1247 of the Civil Code (1930 ed.), which reads in part:

"Rescission obliges the return of the things which were the objects of the contract, with their fruits and the price with interest; therefore it can only be carried into effect when the person who may have claimed it can return that which, on his part, he is bound to do."

Another alleged defect is that the complaint contains no specific averment to the effect that plaintiff has suffered any actual damage. Here appellants rely on *Díaz* v. *San Juan Light and Transit Company*, 17 P.R.R. 64; *Arruza* v. *Laugier*, 14 P.R.R. 24, and *Paniagua* v. *Sobrinos de Ezquiaga*, 14 P.R.R. 776.

Appellants also insist that the provision for a termination of the contract at the option of Clausells in the event of failure on the part of Salas to pay three monthly instalments was invalid because contrary to the provisions of section 1208 of the Civil Code (1930 ed.) and to the doctrine of *Abarca* v. *Royal Bank of Canada*, 46 P.R.R. 487. Appellants assert that the contract is iniquitous and unconscionable and there-

fore comes within the prohibitive rather than within the permissive portion of section 1207 of the Civil Code, which reads as follows:

"The contracting parties may make the agreement and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals, or public order."

■ Sections 1044 and 1066 of the Civil Code (1930 ed.) say that:

"Section 1044.—Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations.

"Section 1066.—Every obligation, the fulfillment of which should not depend upon a future or uncertain event or upon a past event, unknown to the parties in interest, shall be immediately demandable."

The will of the parties as evinced by their contract, if valid, is the law of the instant case. 19 Scaevola 674; 8 Manresa 669 (1929 ed.); 20 Scaevola 882, 912; Judgment of the Supreme Court of Spain of April 17, 1873, 27 *Jurisp. Civ.* 592; *Wade* v. *Texarkana Building & Loan Ass'n,* 233 S. W. 937; *New Richmond Land Co.* v. *Ivanovich,* 198 P. 221; *Spokane Canal Co.* v. *Coffman,* 103 P. 1106.

■ We cannot agree with appellants as to the construction, operation, and effect of section 1340 of the Civil Code. The second paragraph of that section does not mean that a plaintiff must allege the impossibility of specific performance as a condition precedent to the enforcement of the express terms of a condition subsequent. The opinion in the case of *Joseph* v. *Holt, supra,* speaks for itself. A sufficient answer to appellants' contention may be found in the extract from Scaevola quoted by appellants themselves. It follows:

"The second part of section 1451 provides, referring to the breach of a promise due to impossibility, because it can not be inferred that said text refers to that breach by a capricious refusal of the interested parties, inasmuch as in those cases both contracting parties have the right to demand reciprocally, the fulfillment of the contract.

"The impossibility referred to in the section we are discussing, applies to the case in which the thing sold does not belong any longer to the party who promised to sell it, or where the thing has perished, or to the case where it is not possible, either physically, morally or legally, to perform duly the rest of the conditions agreed to.

"Under such well-reasoned arguments, and in spite of the indefiniteness of the reference, it is easy to infer that the last words of section 1451, 'the provisions of this book relating to obligations and contracts shall be observed', refer to the general treatise on obligations; and inasmuch as a case of breach of a contract due to impossibility is involved, the only section which is relevant is section 1101, under which those who in fulfilling their obligations are guilty of fraud, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnity for the losses and damages caused thereby, having in mind, on the other side, section 1105, which provides that no one shall be liable for events which could not be foreseen, or which having been foreseen were inevitable, with the exception of the cases expressly mentioned in the law or those in which the obligation so declares." 23 Scaevola 332, 333.

■ The present action is not "the action for rescission" referred to in section 1246. Hence, it was not necessary for plaintiff to allege that he had "no other legal remedy." Manresa at page 669, volume 8 (1929 ed.) of his commentaries says:

"With more or less inappropriateness of language, it is usual to designate as 'rescission' the resolution of a contract, under its terms, by the will of one of the parties or both. Discussing those cases, and referring particularly to section 1294, it has been said that 'said section, as well as those which precede and follow it, refers to contracts which may be rescinded, in the cases established by law, and is not applicable to the rescission of those contracts in which the interested parties, in the exercise of their sovereign will on this matter, establish a resolutory condition, on whose fulfillment the existence of the contract depends.' (Judgment of April 24, 1901.)"

■ For the same or similar reasons, plaintiff was not required by section 1247 to tender a return of all the money received by him under the executory contract set forth in the complaint. He showed his willingness to return all that

he was bound to return (except as hereinafter shown) under the resolutive condition of the contract.

■ What we have said also disposes of the contention that the provision for a termination of the contract at the option of Clausells in the event of failure on the part of Salas to pay three monthly instalments was invalid because contrary to the provisions of section 1208 of the Civil Code and to the doctrine of *Abarca* v. *Royal Bank of Canada, supra.*

■ The cases of *Díaz* v. *San Juan Light and Transit Company; Arruza* v. *Laugier;* and *Paniagua* v. *Sobrinos de Ezquiaga, supra,* cited by appellants, fail to satisfy us that plaintiff in an action of this kind must allege actual damages as a prerequisite to the recovery of liquidated damages. Such an averment, however, would have had an important bearing on the question as to the reasonableness of the amount specified as liquidated damages if plaintiff had in fact suffered any actual damages.

■ The contentions as to the ambiguity, uncertainty of the complaint and as to the inequitable character of the penalty imposed by the terms of the resolutive condition raises a more serious question.

The complaint might have been and should have been much more specific. Perhaps the better practice would have been to sustain the demurrer for ambiguity and uncertainty. The error, if any, in overruling this demurrer, however, is not enough to justify a reversal of the judgment.

In the absence of anything to show that plaintiff had suffered any actual damages or that the lot had any rental value and in view of the amount actually paid by the prospective purchaser, there is ample room for difference of opinion as to the equitable or inequitable character of the stipulations as to liquidated damages. It may be conceded that the district judge in the exercise of a sound discretion might have mitigated the practical operation and effect in the

instant case under the authority of section 1108 of the Civil Code (1930 ed.) which provides that:

"The court or judge shall equitably modify the penalty if the principal obligation should have been partly or irregularly fulfilled by the debtor."

This is at most, however, a border case. See: 8 Manresa 227, 230, 553 (1929 ed.); 19 Scaevola 839; *Cape May Real Estate Co. v. Henderson,* 79 Atl. 982; *Barrows v. Barter,* 130 Pac. 1050. We are not disposed to disturb the result except as indicated in the next paragraph.

We are inclined to agree with appellants that Salas was to pay taxes from the date of the contract only in the event of a conveyance. It does not follow that the judgment appealed from should be reversed. It will be modified by adding to the $124.85 which Clausells was required to return to appellants the amount of $57.23, retained by Clausells to reimburse himself for the amount paid by him as taxes.

The district judge overruled the demurrers on October 2, 1934, and gave defendants ten days within which to answer. On the following day defendants moved for a reconsideration of this ruling. The district judge overruled the motion October 10 and gave defendants another ten days within which to answer. On October 20 defendants moved for a judgment on the pleadings. On October 29 the secretary noted the fact that defendants were in default. On November the 2nd, after a hearing at which defendants failed to appear and plaintiff introduced his evidence, the district court rendered judgment.

The second assignment is that the district court erred in noting the default of defendants on October 29. The argument is that the action of the secretary was premature. We cannot concur in this view. See *Vázquez v. Valdés,* 28 P.R.R. 431.

The third assignment is that the district court erred in rendering judgment "in the scope and terms thereof."

The objection as disclosed by the argument is:

(a) That the judgment is inequitable and that the contract should have been modified in accordance with the provisions of section 1108 of the Civil Code, *supra*.

(b) In awarding costs to plaintiff.

The first of these two questions has been already discussed. The award of costs was based on the express agreement of the parties to the contract. *Cintrón & Aboy* v. *Solá*, 22 P.R.R. 245; *Blázquez* v. *Hernáiz*, 34 P.R.R. 608.

The judgment appealed from will be modified as hereinabove indicated and, as modified, affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.