## GARFIELD v. KNIGHT'S FERRY & TABLE MOUNTAIN WATER CO. No. 1.

WHERE the point on which the case hinged was whether Kappelman & Co., who employed plaintiff to do work, acted as contractors in their individual capacity, or as agents of defendants, and the jury found a special verdict that "The work and labor done by plaintiff in the construction of the dam was done at the instance and request of Kappelman & Co., who were the agents of the corporation defendant:" *Held*, that this verdict does not support a judgment for plaintiff, because it does not show in and of itself a legal conclusion of liability —not finding whether K. & Co. acted *as agents* or otherwise.

APPEAL from the Fifth District.

Suit to recover for work and labor in constructing a dam and ditch, and to enforce a mechanics' lien against defendants, a corporation.

The complaint alleges that plaintiff, on the twenty-fifth of June, 1857, at the special instance and request of defendants, commenced work on their dam; that he worked one hundred and sixty-five and a half days, and that defendants agreed to pay him therefor five dollars per day. Also, that on the eighteenth of June, 1858, defendants, by their authorized agent—one Kappelman—admitted in a writing signed by him as agent, a certain amount due, as follows:

"KNIGHT'S FERRY, June 18th, 1858.

" We, the undersigned, do hereby acknowledge the lien of M. J.

Garfield on the Knight's Ferry and Table Mountain Water Company's dam, amounting to eight hundred and twenty-seven dollars and fifty cents, is correct.

KAPPELMAN, ET COM."

The answer denies that plaintiff worked for defendants, or that they agreed to pay him five dollars per day, or that Kappelman was their agent as alleged.  The facts seem to be, that on and before June 25th, 1857, Kappelman & Co. were constructing under contract a dam for the defendants.  The dam was to be constructed for $110,000, payable in the capital stock of the company, which constituted the whole stock, and was delivered to K. & Co.,—the work being finished and handed over to the defendants January, 1858.  Kappelman & Co., in June, 1857, employed plaintiff to work on the dam as a day laborer, and in August and October, 1857, issued certificates of indebtedness in the following form:

" Due to A. B. for labor on the K. F. & T. M. W. Co.'s ditch, —— dollars and —— cents, payable in water.

(Signed)      KAPPELMAN & Co."

These certificates were subsequently paid in water by the employees of the defendants, and charged by the corporation to Kappelman & Co.

The question between the parties is whether plaintiff was employed by Kappelman & Co. as *contractors* or as *agents* of the corporation.

The Court below submitted to the jury the following issues:

" 1. Was the work and labor done by the plaintiff in the construction of the dam, as charged in the complaint, done at the instance and request of the defendants, or at the instance of some other party ?

" 2. Were Kappelman & Co. the agents of the defendant corporation on the eighteenth of June, 1858, in and about the business of constructing the dam and ditch ?"

To which the jury reply:  " We, the jury, find that the work and labor done by the plaintiff in the construction of the dam, was done at the instance and request of Kappelman & Co., who were agents of the corporation defendant."

The Court then subsequently found that plaintiff did the work and filed his mechanic's lien, etc., and gave him judgment against defendants for the amount claimed.   Defendants appeal.

*H. P. Barber*, for Appellants.

No judgment should have been entered for plaintiff on the special verdict, because it does not show that Kappelman & Co. employed plaintiff as agents of defendants.   K. & Co. might have been agents, and yet have employed plaintiff in their individual capacity. A special verdict must stand or fall alone—it cannot be aided by reference to extrinsic facts.

*L. Quint*, for Respondent.

The special verdict in effect finds that Kappelman & Co., as agents of defendant, employed plaintiff.   When there is enough in the verdict as rendered to enable the Court to ascertain the intention of the jury, that intention should be carried out.   (*Truebody* v. *Jacobson*, 2 Cal. 284.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The finding in this case is in the nature of a special verdict.   It is that the work was done at the instance of Kappelman & Co., who were the agents of the defendant—the defendant being a corporation.   It was claimed by the defendant that though Kappelman & Co. were agents, they were also contractors, and that they employed the plaintiff in this last capacity.   There is no necessary inconsistency between a man being an agent and his contracting in an individual capacity; and the very question here was, as to what capacity Kappelman & Co. acted in making this contract.   The rule is that enough must be found by a special verdict or finding, when that is relied on as the basis of a judgment, to show in and of itself a legal conclusion of liability.   This is not done here.   We must, therefore, reverse the judgment, that the issue may be directly and explicitly found.