## MORRIS v. MORRIS

No. 2760

August 1, 1927.                                    258 P. 232.

1. APPEAL AND ERROR—FROM ORDER DENYING NEW TRIAL.

Where there is no appeal from order denying motion for new trial and evidence is not before reviewing court, only judgment roll and bill of exceptions can be considered.

2. PLEADING—CONSTRUCTION RECEIVED.

Where defendant answers complaint without first attacking its sufficiency, it should receive construction favorable to plaintiff.

3. DIVORCE—PLEADING—STATING CAUSE OF ACTION.

In divorce suit complaint alleging intermarriage of parties, plaintiff's residence for statutory period, and defendant's inhuman and cruel treatment by beating plaintiff with fist and threatening physical violence *held* to state cause of action.

4. DIVORCE—CONDONATION.

In suit for divorce for cruel and inhuman treatment, condonation is affirmative defense.

5. PLEADING—REPLY.

In divorce suit allegations of reply setting out additional acts of cruelty by defendant by beating and abusing plaintiff and throwing iodine on her *held* not subject to motion to strike as being irrelevant, immaterial, and redundant.

6. PLEADING—REPLY.

In divorce suit allegations of reply setting out additional acts of cruelty by defendant by beating and abusing plaintiff and throwing iodine on her *held* not subject to motion to strike as constituting no part of a reply.

### C. J.–CYC. REFERENCES

APPEAL AND ERROR—4 C. J. sec. 2298, p. 521, n. 76; sec. 2558, p. 665, n. 15; p. 666, n. 16.

DIVORCE—19 C. J. sec. 276, p. 111, n. 48; sec. 295, p. 115, n. 19; sec. 299, p. 116, n. 34 (new).

PLEADING—31 Cyc. p. 82, n. 11; p. 639, n. 12.

APPEAL from Seventh Judicial District Court, Esmeralda County; *J. Emmett Walsh,* Judge.

Divorce suit by Hazel H. Morris against James E. Morris. Judgment for plaintiff, and defendant appeals. **Affirmed.**

*I. S. Thompson,* for Appellant:

Findings can go no further than allegations of complaint. If evidence is introduced outside allegations, complaint must be amended or evidence disregarded.

Batchelder v. Baker, 79 Cal. 267; Hall v. Arnott, 80 Cal. 348.

Reply may deny only new matter in answer or set up new matter that avoids same. Rev. Laws, 5057. Defendant cannot answer reply. He can only demur. Rev. Laws, 5059.

Complaint alleges acts of cruelty that occurred nine years before, and others three years. None is alleged since. Unreasonable lapse of time indicates connivance, collusion, or condonation. Cal. Civ. Code, sec. 125; Franklin v. Franklin, 106 P. 353.

To revive condoned offense, party accused must commit new offense constituting cause for divorce. 9 Am. & Eng. Enc. 825.

Continuance of cohabitation after knowledge of misconduct constitutes condonation. 9 R. C. L. 382; 14 Cyc. 639.

*Wm. J. Forman,* for Respondent:

Physical violence, threats of bodily harm, failure to support or to furnish medical attention, and compelling wife to do work unsuited to her health, all constitute cruelty. Kapp v. Court, 31 Nev. 444; 19 C. J. 48, 54, 55.

Lower court found there was no condonation. In absence of testimony such finding is conclusive. Phillips v. Snowden Placer Co., 40 Nev. 67.

Defenses need not be negatived in complaint; they must be pleaded and proved by defendant. Breedlove v. Breedlove, 61 NE. 797.

That mother of five children endures cruel treatment for long time does not prove condonation. If improper treatment continues there is no condonation. Bliss v. Bliss, 142 SW. 1081; Mandelin v. Mandelin, 139 NW. 152.

Repetition revives offense. Subsequent cruel acts not in themselves sufficient, justify divorce. 19 C. J. 88, 89; Sharp v. Sharp, 6 NE. 15.

None of three California cases cited by appellant sustains his statement that findings can go no further than

allegations of complaint. Findings are not based on complaint, but on issues made by pleadings. 25 C. J. 1133.

New matter in reply is deemed denied.

If matter was immaterial, appellant was not prejudiced by court's refusal to strike it. Pruett v. Caddigan, 42 Nev. 329.

Appellant was not prejudiced by allegations not included in findings. Peterson v. Silver Peak, 37 Nev. 19.

Right to insist on technical motion on appeal is waived by pleading or going to trial. Union State Bank v. Woodside, 178 P. 109.

## OPINION

By the Court, COLEMAN, J.:

The parties will be referred to as they were designated in the trial court.

1. The plaintiff brought suit for a divorce on the ground of extreme cruelty, and from a judgment and decree in her favor the defendant has appealed. There is no appeal from an order denying a motion for a new trial and the evidence is not before us. We can consider only the judgment roll and a bill of exceptions containing a certain motion and the order thereon.

As we interpret the brief of the defendant it presents three points, which are: (1) The complaint does not allege facts sufficient to constitute a cause of action. (2) The court erred in denying the motion of defendant to strike a portion of the reply. (3) The findings are not supported by the allegations of the complaint.

2, 3. The defendant answered the complaint without first attacking its sufficiency. In such a situation the complaint should receive the construction more favorable to the plaintiff. Neilsen v. Rebard, 43 Nev. 274, 183 P. 984. However, the complaint unquestionably states a cause of action. It alleges the intermarriage of the parties in 1908; that the plaintiff had been a continuous resident for more than the statutory length of time. It then alleges that the defendant, during the

greater part of the married life of the parties, had treated plaintiff in an inhuman and cruel manner, in that in the month of August, 1922, he beat and struck the plaintiff with his fist without reason therefor until her body was black and blue with bruises, and that on several occasions thereafter defendant had attempted and threatened to choke plaintiff and commit physical violence upon her. The complaint then proceeds to detail other acts of cruelty committed subsequent to the date mentioned.

4. The contention must be rejected. Kapp v. District Court, 31 Nev. 444, 103 P. 235.

If there was any condonation, it does not appear from the complaint; besides, it is an affirmative defense. 9 R. C. L. p. 286, sec. 179.

5, 6. We do not think the court erred in denying the motion to strike. The matter sought to be stricken reads:

"Alleges that in addition to the wrongful acts committed against plaintiff by defendant as alleged in her complaint, defendant committed the following additional acts of cruelty, which plaintiff specified, as follows: At and about the time of the birth of their youngest child, Hazel, defendant again beat, abused, and mistreated plaintiff. That between the dates of the birth of Barbara and Hazel, the defendant threw iodine upon plaintiff, whereby her leg was burned, causing her great pain and suffering and a large sore to be formed thereby."

The grounds of the motion to strike are that the said matter is irrelevant, immaterial, and redundant, and constitutes no part of a reply.

It is neither. Furthermore, it is perfectly proper to plead such matter in a reply. Johnson v. State Bank of Seneca, 59 Kan. 250, 52 P. 860.

As to the third contention, we may say that the findings are in perfect accord with the allegations of the complaint and amply support it.

There being no error, the judgment is affirmed.