LINDLEY & COMPANY ET AL., PLAINTIFFS AND
RESPONDENTS, *v.* PIGGLY WIGGLY NEVADA
COMPANY ET AL., DEFENDANTS AND RESPOND-
ENTS, NEVADA MACHINERY & ELECTRIC
COMPANY, PETITIONER AND APPELLANT.

No. 3016

May 26, 1933.

*G. Gunzendorfer,* for Respondents and Trustee:

456

*Ayres, Gardiner & Pike,* and *Cooke & Stoddard,* for Appellant:

**OPINION**

By the Court, SANDERS, C. J.:

This case is now before us upon the respondents' motions: first, to dismiss the appeals taken from a

judgment and from an order denying a new trial, upon the ground of the insufficiency of the one undertaking on appeal; second, to strike from the judgment roll certain papers not properly a part thereof, namely, the opinion of the trial court rendered after trial of the case upon the merits, notice of intention to move for a new trial, the affidavit accompanying the motion, the minute order denying the motion; and third, to dismiss the appeal from the order denying a new trial for the reason that the papers specified in the motion to strike were not incorporated in a proper bill of exceptions.

Upon the date fixed for the hearing of the motions the appellant filed notice of motion to remand the record on appeal to the court below for correction and amendment. Afterward the several motions came on for hearing together.

 Our statute provides that upon the filing or noticing of any motion to dismiss an appeal of the case on the merits, the hearing will be stayed until the determination of such motion, which shall be had with reasonable expedition. Sec. 9401 N. C. L. Another statute provides inter alia that an appeal shall not be dismissed for any irregularity not affecting the jurisdiction of the court to hear and determine the appeal or affecting the substantial rights of the parties, and where any defect or irregularity can be cured by amendment, such amendment shall be allowed, on proper application, as this court shall deem just. Sec. 8905 N. C. L.

█ The motion to dismiss because of the insufficiency of the undertaking is denied, upon the ground that it appears affirmatively from the moving papers that the movant filed exceptions to the sufficiency of the sureties on the undertaking. The sureties justified. and the undertaking, after a hearing upon the exceptions, was approved.

█ The respondents' motion to strike from the judgment roll the opinion of the trial judge upon the merits of the case, the notice of intention to move for a new trial, with the accompanying affidavit, and the minute

order denying the motion for a new trial, is sustained upon the ground that such papers and files constitute no part of the judgment roll proper.

■ The motion to dismiss for want of a proper bill of exceptions may be considered and disposed of in connection with the appellant's motion to remand the record on appeal for correction and amendment. The latter motion in effect concedes and admits that the papers and files stricken from the judgment roll should have been included or incorporated in the original bill of exceptions, upon which the appeal from the order denying a new trial is based. In support of the motion to remand for correction and amendment, so as to include the papers and files stricken from the judgment roll, it is conceded that the same are essential to the consideration and determination of the points and errors relied upon for reversal of the order denying a new trial; that the papers and files designated should have been included in the bill of exceptions now on file, but the same were erroneously omitted from the bill of exceptions by the mistake, inadvertence and excusable neglect of counsel for appellant, and that without said documents being included in the bill the same does not accurately or fully state the substance of the proceedings relating to the points involved, and without their consideration this court cannot pass upon the point or points relied upon for reversal of the order.

Upon the authority of Brockman v. Ullom, 52 Nev. 267; 286 Pac. 417, it is ordered that the bill of exceptions be returned to the clerk of the court below for correction and amendment by the court, in its discretion, so as to make it speak the truth in reference to the matters in question upon such proceedings as the parties may be advised.