PATERSON *v.* CONDOS (OTIS ELEVATOR CO. ET AL., INTERVENERS)

No. 3014

March 10, 1934.                    30 P. (2d) 283.

*W. M. Kearney* and *John Davidson,* for Appellant:

*E. C. Short* and *Green & Lunsford,* for Respondent
James G. Paterson.

## OPINION

By the Court, COLEMAN, J.:

A petition for a rehearing has been filed, in which
it is urged that the plaintiff not having pleaded an
abandonment of the express contract found by the
trial court to have been entered into between the
plaintiff and the defendant, the findings, judgment,
and decree were ill-advised, and without justification.

1. This point was not made in the trial court and
cannot be urged in this court for the first time. Sher-
man v. Dilley, 3 Nev. 21–27; McLeod v. Lee, 17 Nev.
103–120, 28 P. 124.

2. For another, and perhaps a better reason, the
petition for a rehearing should be denied, and that
is, that from a careful consideration of the entire rec-
ord we are of the opinion that substantial justice was
done by the trial court in this matter. It is provided
by section 8622, N. C. L., as follows: "The court shall,
in every stage of an action, disregard any error or
defect in the pleadings or proceedings, which shall not
affect the substantial rights of the parties; and no
judgment shall be reversed or affected by reason of
such error or defect."

This court, in Sweeney v. Schultes, 19 Nev. 53–58,
6 P. 44, 47, 8 P. 768, said: "The general tendency of
the decisions is to look with disfavor upon mere techni-
cal objections, which relate solely to the form of the
process or proceedings, especially where it is apparent
that the error is one which has caused no substantial
injury to the complaining party. In pursuance with
this general principle, it was enacted in our statute
that 'the court shall in every stage of an action dis-
regard any error or defect in the pleadings or proceed-
ings which shall not affect the substantial rights of the
parties, and no judgment shall be reversed or affected

by reason of such error or default.' 1 Comp. Laws, 1134. What was the object of the legislature in incorporating this provision in the Code? There can be no difference of opinion upon this question. The principal object was, as stated by the court in Dyas v. Keaton, supra, — 'To avoid the technicalities of the common-law procedure, by which it was claimed that justice was often defeated. This was certainly a most laudable as well as desirable object. The practical spirit of the age, which will not brook trifling in business affairs, and whose principal aim is utility, demands that courts should endeavor to secure the attainment of this avowed design in the adoption of the Code. It is the general rule, now prevailing in the courts, that wherever and whenever substantial justice is secured, a mere technical error, which is harmless in its character, and which has worked no injury, will not be permitted to defeat or annul the final conclusion or consummation of judicial proceedings.' "

The petition for a rehearing is denied.