## IN RE MACDONNELL'S ESTATE
## MACDONNELL v. ARNOTT ET AL.

No. 3130

March 13, 1936.                    55 P. (2d) 834.

For former opinion, see 56 Nev. 346, 53 P. (2d) 625.

*L. D. Summerfield,* for Appellants.

*Joseph P. Haller* and *Albert Hilliard,* for Respondent.

*Per Curiam:*

It is ordered that a rehearing be granted in the above-entitled matter as to the claim of Ross Burke Co. only.

It is further ordered that upon the argument on rehearing counsel discuss the effect of the failure of appellants to urge estoppel in the lower court, in view of the rule in Paterson v. Condos, 55 Nev. 260, 30 P. (2d) 383, and also the question of how the conduct of the widow, even if sufficient to estop her, can affect the matter in view of the existence of a minor child.

## ON REHEARING

May 2, 1936.                    57 P. (2d) 695.

For former opinion, see 56 Nev. 346, 53 P.(2d) 625.

*L. D. Summerfield,* for Appellant, Ross Burke Co.:

*Joseph P. Haller* and *Albert Hilliard,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

We granted a rehearing to consider the contention that even if the lower court had no discretion in the

matter of making the allowance to the family, the claim of Ross Burke Company for funeral charges should be paid.

Section 9702 N. C. L. reads: "Any allowance made by the court or judge in accordance with the provisions of this act shall be paid by the executor or administrator in preference to all other charges, except funeral charges."

It is said that this section expressly contemplates payment of funeral charges out of exempt property. We do not think so. It contemplates payment of such charges out of an "allowance." An "allowance" is what may be set aside pursuant to section 9701 N. C. L., which reads: "If the whole property exempt by law be set apart, and should not be sufficient for the support of the widow, child or children, the district court or judge shall make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family."

The "allowance" is something to be set aside, in certain circumstances, in addition to the exempt property. It is this property or money that shall be subject to funeral charges. In re Still's Estate, 117 Cal. 509, 49 P. 463, 464.

But it is said that the widow should be estopped to claim an exemption, because of the fact that she obligated herself to pay the item in question. In support of this contention our attention is directed to what was said in Hunter v. Downs, 53 Nev. 132, 295 P. 438, 440, which is as follows: "An application and order for an allowance made first out of general assets could not operate to deprive a family of the privilege conferred by section 101 unless on some principle of estoppel, which is not applicable here."

This falls far short of a statement to the effect that a member of a family could be estopped from claiming property as exempt. It was nothing more than a mere reservation of the point. In fact, that question was not involved in that case, and anything we might have said would have been merely obiter dictum.

■ No other authority is cited in support of the contention that estoppel can apply where exempt property is involved, though there are authorities in which there is an intimation that a widow might be estopped; but none of those cases consider the question of public policy involved. The question of public policy relating to estoppel in claiming an exemption is well put in the case of Phelps v. Phelps, 72 Ill. 545, 22 Am. Rep. 149; but it is not necessary that we decide the question of public policy, for if a widow can be held to be estopped from claiming such an exemption in any case, there is no estoppel in this matter. It does not appear from the record that this question was raised in the lower court, and that court did not expressly pass upon the question; but it was stipulated on the argument on rehearing that the question was urged upon the lower court. If any presumption follows, it is that the court found the facts did not justify an estoppel. However this may be, it clearly appears that there could have been no estoppel. To constitute estoppel, it must be clearly shown that the party relying upon it was induced by the adverse party to change his position to his detriment, and the burden of proving this is upon the one asserting estoppel. Sharon v. Minnock, 6 Nev. 377, at page 389; Farmers & Merchants Bank v. Eureka L. & S. Co., 56 Nev. 218, 49 P. (2d) 354.

■ The evidence shows that on May 25, 1935, claimant wired the widow at La Jolla, Calif., as follows: "Major John Grant MacDonnell passed away this morning stop Wire instructions as to disposition of body."

Claimant received the following reply: "Ship remains Major John G. MacDonnell via Railway Express collect to Washington, D. C., in care War Department. Wire date probable arrival to Miss Mary MacDonnell, Spencer, Massachusetts. Use uniform for clothing. Economy your bill essential."

Thereafter claimant wired the widow that the government would not advance transportation charges, and that it could not advance them. To which Mrs.

MacDonnell replied that Washington relatives would wire Reno agent express charges.

The foregoing covers in substance all of the telegrams which passed between the parties, affecting this matter.

A witness in behalf of claimant was asked: "Would you have incurred those expenses and shipped that body to Washington if it had not been for these telegrams from Marguerite C. MacDonnell?" To which he replied: "I would not."

What is there in these telegrams which could estop the widow? Nothing. The only words used which in anyway might be said would tend to indicate an intention on the part of the widow are the words "economy your bill essential." These words may indicate an intention to pay the bill. That is not enough. She must have done some act or said something to indicate she intended to have the claimant believe she would not claim her exemption under the statute, thereby preventing the claim being paid out of the insurance money. It is not contended that anything of this kind was ever thought of or suggested, nor does it appear that either she or claimant even knew, at the time the telegrams were sent, that the deceased had the policy of insurance; hence there is no evidence upon which to base an estoppel.

For the reasons stated, the judgment and order of the lower court as to the claim in question are sustained.