ANNA ROBERTS PARKS AND S. GENE PARKS, APPELLANTS, *v.* H. C. GARRISON, RESPONDENT.

No. 3140

April 30, 1937.                                        66 P. (2d) 314.

*Roger Foley* and *Harold M. Morse,* for Appellants:

*McNamee & McNamee,* for Respondent:

**OPINION**

By the Court, COLEMAN, C. J.:

Plaintiffs have appealed from the judgment in favor

of defendant, and from the order denying their motion for a new trial.

■  An order having been made, on stipulation of the parties, striking the bill of exceptions, there is nothing the court can consider except the judgment roll.  In this case the judgment roll consists of the pleadings, the findings of facts by the court, and the judgment (section 8829 N. C. L.).

While counsel for appellants have assigned in their briefs seven errors, they have waived the fourth, which was that the court erred in denying the motion for a new trial.

The first error assigned is to the effect that the court erred in its judgment and decision.  The second is that the court erred in its findings of facts.  The third is that the court erred in its conclusions of law based upon the findings of facts.  The fifth is that the answer and each affirmative defense is not sufficient to constitute a defense to the plaintiff's complaint.  The sixth is substantially the same as the first.  And the seventh and last is that the findings of facts cannot and do not sustain the judgment entered.

Counsel for plaintiffs have filed a voluminous brief in support of their contentions, but as we view the record there are but two questions which we can consider, namely, (1) Does the answer raise an issue of fact as to the termination of the contract in question? and (2) Do the findings support the judgment?

As to the first question, we may say that so far as it appears from the record the sufficiency of the answer to raise an issue was not questioned in the lower court. It does not appear that a demurrer was filed to the answer, or that any objection was made to it at any time until the brief was filed in this court.

■  It is a well-recognized rule that a point made for the first time in this court will be deemed waived [Paterson v. Condos, 55 Nev. 260, 30 P. (2d) 283] unless it goes to the jurisdiction of the court.  In the

instant matter, the court acquired jurisdiction of the subject matter and of the parties upon the filing of the complaint and service of summons upon the defendant.

■ Where a complaint is attacked for the first time in this court, it is the well-established rule that the court does not look with favor thereupon. Deiss v. Southern Pac. Co., 56 Nev. 151, 47 P. (2d) 928, 53 P. (2d) 332; Morris v. Morris, 50 Nev. 298, 258 P. 232.

■ An equally liberal construction should be given to an answer, where attacked for the first time on appeal, as in this case.

However, an issue was presented for determination, as we will show.

As to the second question, we may say that this is a suit to enjoin the defendant from entering in business in competition with plaintiffs, in violation of the terms of a written contract. The contract which is pleaded in the complaint contains a provision that either party may terminate it by giving thirty days' written notice of such intention. On the question of the termination, the court found: "That it is true that by the terms of said contract, it is provided that said contract may be terminated by either of the parties thereto upon thirty days notice in writing, mailed to the other party by registered mail at either Las Vegas, Nevada, or Boulder City, Nevada, as the case may be, and that it is true that said contract was terminated by the defendant by his giving to plaintiffs the notice in writing in the manner so provided in said contract, and that said contract, and the whole thereof, including defendant's covenant not to engage in the said undertaking and ambulance service business in Clark County, Nevada, for a period of ten years from the date of said contract, was terminated upon the 9th day of February 1935, and the plaintiffs took possession of the Parks Mortuary in Boulder City, Nevada, on said date and waived the balance of the time under the thirty day notice required

by said contract to be given, and that on said 9th day of February 1935, defendant left the employment of the plaintiffs."

■ In this connection it is said that the finding quoted is a conclusion of law. Section 15, chap. 90, Stats. 1935, provides that no judgment, in a case tried to the court, shall be reversed because of a defective finding of fact, unless exceptions be made, etc. No exceptions having been taken, we need not pass on the point.

■ Incident to the question just disposed of, there is one other contention to which we will refer, namely, that though the contract in question was terminated as to the employment of defendant, it was not terminated in toto. In the fourth affirmative defense, the letter of defendant which it is alleged terminated the contract is plead, and is dated January 28, 1936; and it is further alleged in that defense that the plaintiffs received the letter on February 9, 1935, and notified the defendant that they waived the thirty-day notice required to be given to terminate said contract, and in accordance with said acceptance and waiver, plaintiffs asked for and received from defendant, on said day, the possession of the premises whereon defendant was residing and conducting the business for plaintiff. The evidence not being before us, we must conclusively presume that it shows that all of the parties were at that time endeavoring to terminate the contract in toto, and considered that they had done so, and in fact succeeded in so terminating it.

The finding is ample to support the judgment.

It is ordered that the judgment and order appealed from be affirmed.

ON PETITION FOR REHEARING

June 23, 1937.

*Per Curiam:*

Rehearing denied.