J. L. HARPER, Appellant, *v.* GEORGE W. LICHTENBERGER, Respondent.

No. 3277

July 7, 1939.                                92 P. (2d) 719.

*Ham & Taylor,* for Respondent:

*Clifford A. Jones, Roland H. Wiley* and *Harry T. Young,* for Appellant:

## OPINION

By the Court, DYSART, District Judge:

Respondent moves this court for an order striking certain portions of the judgment roll, which judgment roll constitutes the record on appeal.

Appellant gives notice that he intends to appeal and does appeal from the judgment made and entered in the lower court on the 23d day of December 1938 without first moving for a new trial. No bill of exceptions or statement of the case was ever filed and served. So, it appears from the record that appellant (defendant below) has appealed upon the judgment roll alone.

Respondent, by his supplemental points and authorities, concedes that the first paragraph of his motion to strike, namely, paragraph 1 of his said motion wherein he moves to strike the minute order appearing at page 25 of the judgment roll, is not well taken, in that the said minute order is a ruling on demurrer and is, therefore, properly a part of the judgment roll as provided by section 8829 N. C. L. 1929. We will, therefore, consider

only the second and last paragraph of respondent's said motion, namely, that part of said motion wherein respondent moves to strike the conclusions of law of the trial court comprising pages 42 to 48, inclusive, of the judgment roll or record on appeal now before this court. The portion of the record under consideration is entitled in the lower court and endorsed as, "Filed Dec. 23 1938" and bears the entitlement: "Conclusions of Law upon the Special Verdict of the Jury." Then follows the recital that the case came on for trial before a jury regularly and duly impaneled and the case having been tried and submitted to the jury for its decision and the jury returned its special verdict. Then follows the special verdict of the jury, including the findings of fact by the jury. Following the jury's special verdict and beginning on page 48 of said record, which is the last page of the portion of the record which respondent moves to strike, we find the following: "and the court having adopted said special verdict." The court then proceeds to find and adopt its conclusions of law, based upon the special verdict and findings of the jury. Respondent, in his said motion to strike the portion of the record just referred to, bases said motion upon the ground: that the said portion of the record is not "embraced in any statement of the case or bill of exceptions and that the same are (is) not properly a part of. the judgment roll and consequently cannot be considered on this appeal."

██ Appellant, from the record as made, must rely for his appeal upon what properly constitutes the "judgment roll." Section 38 of the "New Trial and Appeals" act, being section 38 of chapter 32 of the 1937 session laws of the State of Nevada, found at page 66 thereof, among other things, provides as follows: "A party may appeal upon the judgment roll alone, in which case only such errors can be considered as appear upon the face of the judgment roll." Section 8829 N. C. L. 1929 provides what shall constitute the judgment roll in civil cases. Paragraph 1 of said section

provides what shall constitute the judgment roll in default cases. Paragraph 2 provides as follows: "In all other cases, the pleadings, a copy of the verdict of the jury, or finding of the court or referee, all bills of exceptions taken and filed, and a copy of any order made on demurrer or relating to the change of parties, and a copy of the judgment; * * *." It will be noted that section 8829, supra, makes no provision for including in the judgment roll the conclusions of law found and adopted by the trial court, and since said section expressly defines what shall constitute the judgment roll, and as it does not include the conclusions of law, reached by the trial court, it necessarily follows that the same are no proper part of the judgment roll. If it was the intention of the appellant to have this court review the conclusions of law, found by the trial court, he should have included the same in a statement of the case or, perhaps more properly, in a bill of exceptions. Nothing can become a part of the record on appeal from the final judgment unless it is a part of the judgment roll proper or is embraced in a bill of exceptions. See Brearley v. Arobio, 54 Nev. 382, 12 P. (2d) 339, 19 P. (2d) 432; also Peri v. Jeffers, 53 Nev. 49, 292 P. 1, 293 P. 25, 298 P. 658.

Section 8777 N. C. L. 1929 defines both a general and special verdict of the jury under our civil jury system, and as to a special verdict, provides as follows: "The special verdict shall present the conclusions of fact, as established by the evidence, and not the evidence to prove them; and those conclusions of fact shall be so presented as that nothing shall remain to the court but to draw from them conclusions of law." The trial court, in the instant case, reached its conclusions of law from the facts found by the jury by its special verdict; and by the provisions of section 8829, supra, the said verdict of the jury is a proper part of the judgment roll, which appears in the record now before us at pages 37 to 41, inclusive.

Counsel for appellant in his opening brief in opposition to respondent's said motion to strike, contends that this being a case in equity, therefore the jury could be impaneled for the purpose only of sitting in an advisory capacity to the court, and any verdict it might render could not be binding unless expressly adopted by the court, and that after such verdict had been adopted by the court, all proceedings, including the practice on review, are the same as though no jury had been called. Assuming, for the purpose of this motion, that the instant case is one in equity and the jury was called in an advisory capacity only, we are unable to see how this could avail appellant anything for the reason that the only question here under consideration is: Can the conclusions of law of a trial court be properly made a part of the record on appeal? We hold they can not, unless the same have been embodied in a bill of exceptions. Our statute on new trials and appeals makes no distinction whether the appeal be taken in a case in equity or a case at law.

For the reasons given, it is hereby declared that that portion of the judgment roll, comprising pages 42 to 48, inclusive, being folios 124 to 144, inclusive, of the record on appeal be and the same is hereby stricken.

ORR, J., being disqualified, the Governor designated Honorable JAMES DYSART, Judge of the Fourth Judicial District, to sit in his stead.

ON THE MERITS

January 23, 1940. 98 P. (2d) 1069.

*Clifford A. Jones, Roland H. Wiley* and *Harry T. Young,* for Appellant:

In order to allege a cause of action for the forfeiture against appellant, the complaint must aver sufficient facts to show that appellant had substantially violated the terms and conditions of the agreement; that notice of such violations had been served upon appellant; that more than sixty days had elapsed after service of such notice; that appellant continued such substantial violations, and that such violations resulted in damage to respondent. The only statement contained in the complaint with reference to any continued violations of the

terms of the agreement by appellant or damage to respondent after the expiration of sixty days after service of notice of forfeiture are merely conclusions of law of the pleader.

*Ham & Taylor,* for Respondent:

The complaint states that the "defendant did not, as provided in said lease and agreement, or ever or at all" do the things required by the said lease to be done. That means he did not ever or at all do those things prior to February 8, the date of the filing of the complaint. The complaint also alleges and counsel admits that notice to cure the forfeiture was served on December 5, 1937, more than sixty days before the filing of said complaint, as the time within which he was permitted to perform expired on February 4, 1938. How could there be a more perfect allegation with respect to the defaults than that he did not ever or at all cure the breaches up to and including February 8, 1938?

Conclusions of law by the pleader are sufficient to support a judgment after verdict. 49 C. J. 885.

## OPINION

By the Court, DYSART, District Judge:

■ This appeal is taken upon the judgment roll, and any errors complained of, which may be considered by this court, are such errors as appear upon the face of the judgment roll alone. Section 38 of chapter 32, 1937 session laws, p. 53; Greinstein v. Greinstein, 44 Nev. 174, 191 P. 1082. The judgment roll, which constitutes the record on appeal in the instant case, consists of the complaint and exhibits attached, demurrer to the complaint, order overruling defendant's demurrer, second amended answer of defendant with exhibits attached, plaintiff's reply, special verdict of the jury, judgment, notice of appeal and undertaking on appeal.

The said record on appeal discloses: that the respondent, plaintiff below, commenced an action in the district court of the Eighth judicial district of the State of Nevada, in and for the county of Clark, for the cancellation of a certain mining lease and agreement, a copy of which was attached to and made a part of the plaintiff's complaint; for the appointment of a receiver to take possession of the mining premises involved in the said lease and agreement, and that an accounting of the royalties, provided for in said lease and agreement, be ordered, and that possession of the premises be restored to respondent. The case was tried by a jury, and the jury returned a special verdict. And, based upon said verdict, the court entered its judgment decreeing a cancellation of said lease and agreement, and restoring respondent to the possession of the mining premises involved, and further enjoining and restraining appellant, his attorneys, agents and employees from further interference with said premises. Appellant, in his opening brief, relies upon four "Exceptions and Points of Error" for a reversal of the judgment of the lower court, which are as follows:

"First: That the respondent's complaint does not state or allege facts sufficient to constitute a cause of action for forfeiture against appellant;

"Second: That the respondent's complaint, with respect to the breaches of covenant upon which the judgment of the Court was predicated, does not state or allege facts sufficient to constitute a cause of action for forfeiture against appellant;

"Third: The special verdict of the jury and the findings of fact by the Court adopting said special verdict of the jury as its sole findings of fact do not support the judgment and decree; and

"Fourth: The Court erred in overruling appellant's demurrer to the respondent's complaint."

■ I am of the opinion that the foregoing four "Exceptions and Points of Error" present but one question to be determined by this court, namely; "Does the

complaint of respondent state or allege facts sufficient to constitute a cause of action for forfeiture against appellant?" for the reason that this court has recently held "That a point made for the first time in this court will be deemed waived, unless it goes to the jurisdiction of the court," Parks v. Garrison, 57 Nev. 480, 67 P. (2d) 314; or to the point that the complaint does not state facts sufficient to constitute a cause of action, Deiss v. Southern Pacific Co. et al., 56 Nev. 151, 47 P. (2d) 928, 53 P. (2d) 332. Furthermore, the statutes of this state, after providing the manner of taking objections to the sufficiency of a complaint, provide by section 8601 N. C. L. 1929 as follows: "If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

■ No bill of exceptions was ever made up, prepared and filed, in the instant action, as required by the "New Trial and Appeals" act, being chapter 32 of the 1937 session laws, page 53. No jurisdictional question being raised, it therefore follows that the only question presented by this appeal for the determination of this court is: "Does the complaint of respondent state facts sufficient to constitute a cause of action for forfeiture of said lease and agreement?"

It will also be noted from the record on appeal that the lower court based its judgment of forfeiture upon findings No. 1 and No. 16 of the jury's special verdict. Finding No. 1 was, in effect, that appellant never installed ample power and pumps to unwater the underground workings of the leased mining premises prior to February 5, 1938. Finding No. 16 was, in effect, that appellant failed to furnish respondent blueprints or maps of the development work in the said mining premises at least once every three (3) months, and that he failed to correct such deficiency within sixty (60) days after notice thereof by respondent. The "Lease and

Agreement," which is the subject of this action, is embraced in the record as exhibit "A," and is attached to and made a part of respondent's complaint. The said lease and agreement, among other things, provides: "Lessee (appellant) agrees to install ample power and pumps to unwater the underground workings of said premises within sixty (60) days after taking possession of said premises and will diligently proceed with the unwatering of said underground workings; * * * Lessee (appellant) shall furnish lessor (respondent) blue prints or maps at least once every three (3) months for retention of lessor, (respondent) of all development work done in said premises; * * * Any failure on the part of lessee (appellant) to perform any of the covenants of this lease shall be construed as forfeiture of this lease. Notice of forfeiture shall be mailed to lessee (appellant) by lessor (respondent) in writing, by registered letter, to the address furnished lessor (respondent) by lessee (appellant) or by personal service of said lessee (appellant) of said notice of forfeiture. The lessee shall have sixty (60) days from date of posting said registered letter or from date of said personal service of forfeiture to remedy said cause or causes of forfeiture, and failing to do so this lease shall be terminated."

It will also be noted from the record in this case, that appellant filed his general demurrer to respondent's complaint, alleging that, "Said complaint does not allege facts sufficient to constitute a cause of action," and that at the time the said demurrer was called for argument, counsel for appellant, in open court, consented that the demurrer be overruled. This, in my opinion, is equivalent to never having filed a demurrer at all. From an examination of respondent's complaint, it is alleged, generally, that appellant, since the occupation of the mining premises, has violated certain and numerous of the covenants contained in said lease and agreement on his part to be kept and performed, and among a number

of the special allegations are contained the following:

"(c) Defendant (appellant) did not, as provided in said lease and agreement, or ever, or at all, install ample or any power and/or ample or any pumps to unwater the underground workings of the said premises within sixty (60) days after taking possession of said premises:

"(d) Defendant did not, as provided in said lease and agreement, or ever, or at all, proceed with the unwatering of said underground workings within sixty (60) days of taking possession thereof; * * *

"(w) Defendant did not, as provided in said lease and agreement, or ever, or at all, furnish the plaintiff (respondent) blue prints or maps at least once every three (3) months, of the development work done in said premises."

Then in paragraph VI of respondent's complaint is found the following allegation: "That on the 5th day of December, 1937, in the City of Long Beach, State of California, plaintiff (respondent) caused to be served upon the defendant (appellant) a notice of forfeiture, a copy of which is hereunto annexed, marked Exhibit 'B'."

The following paragraph, namely paragraph VII, of respondent's complaint, reads as follows: "That although more than sixty (60) days has expired since the service of the notice of forfeiture as herein set forth, the said causes of forfeiture, or any of them, have not been remedied."

Appellant, by his brief, contends that the provisions of the lease and agreement, upon which the allegations of the complaint are based, are, "ambiguous and uncertain," and therefore cannot form a basis for the special verdict of the jury or the judgment of the court. Appellant in his brief cites three cases to support his contention, namely, More v. Elmore County Irrigation Co., 3 Idaho, 729, 35 P. 171; Durkee v. Cota et ux., 74 Cal. 313, 16 P. 5; and Silvers v. Grossman, 183 Cal. 696, 192 P. 534. Upon an examination of the above-cited authorities it will be noted that demurrers, in each case, were

timely filed and presented to the court, and the trial court ruled adversely to appellant, and the question was therefore properly presented to the appellate court.

Appellant, after the overruling of said demurrer, and within the time allowed, filed his answer wherein he admitted the execution of the lease and agreement, a copy of which was attached to the complaint of respondent, but denied generally and specifically that he violated any of the covenants or agreements contained in the said lease and agreement, as alleged in respondent's said complaint; and, by way of further separate and affirmative defense, among other things, alleged as follows: "That defendant, as provided in said lease and agreement, did install and cause to be installed ample power and pumps to unwater the underground workings of said premises, within sixty (60) days after taking possession of said premises. The defendant, as provided in said lease and agreement, did proceed with the unwatering of said underground workings of said premises, within sixty (60) days of taking possession thereof."

So, it would appear that issue was squarely joined and particularly upon the two questions or issues, which the jury, by their special verdict, found in favor of the respondent, and upon which the judgment of the lower court was based in declaring a forfeiture of said lease and agreement.

Counsel for respondent contend that the rule of this court is: That a point made for the first time in this court will be deemed waived unless it goes to the jurisdiction of the court; and cites the cases of Parks v. Garrison, 57 Nev. 480, 67 P. (2d) 314, and Paterson v. Condos, 55 Nev. 260, 30 P. (2d) 283 (both being decisions of this court). However, we are of the opinion that the rule contended for by respondent should be extended to include the objection, "or that the complaint does not state facts sufficient to constitute a cause of action," for the reason that this court has not only held, by recent decisions, that the objection that the complaint

does not state facts sufficient to constitute a cause of action may be raised for the first time on appeal (Deiss v. Southern Pacific Co. et al., 56 Nev. 151, 47 P. (2d) 928, 53 P. (2d) 332; Neilsen v. Rebard, 43 Nev. 274, 183 P. 984; Nichols v. Western Union Tel. Co., 44 Nev. 148, 191 P. 573), but the statutes of this state, after providing what objections may be made to the complaint, by demurrer or answer, section 8601 N. C. L. 1929 provides as follows: "If no objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

■ So, it becomes the duty of this court to determine whether or not the complaint states a cause of action, even though the question be raised for the first time on appeal. However, in determining said question, we must also keep in mind the established rule of this court, that when a complaint is attacked for the first time in this court, that this court does not look with favor thereon, and it necessarily follows that this court is bound, under such circumstances, to place a liberal construction upon the complaint. Parks v. Garrison, and Deiss v. Southern Pacific Co., supra.

■ Our statutes, in prescribing what the complaint shall contain, by section 8594 N. C. L. 1929, among other things, provides: "A statement of the facts constituting the cause of action, in ordinary and concise language." We have heretofore, in this opinion, quoted the covenants contained in the lease and agreement to be kept and performed by appellant, and which the jury, by their special verdict, found that the appellant had breached. We have also quoted the allegations of respondent's complaint, alleging a breach of said covenants, upon which the special verdict of the jury and the judgment of the lower court were based, declaring the forfeiture of said lease and agreement in respondent's favor, which allegations, appellant contends, are

mere conclusions of law. I am of the opinion that there is no merit to this contention, for I am unable to understand just what other language could be employed to express more clearly a breach of the particular covenants which the jury found to have been breached, for respondent alleged: that the appellant did not, as provided in said lease and agreement, or ever, or at all, install ample or any power and/or ample or any pumps to unwater the underground workings of the said premises within sixty days after taking possession of the said premises. And as to the allegation of failure to furnish blueprints or maps, respondent alleges that appellant did not, as provided in said lease and agreement, or ever, or at all, furnish the respondent blueprints or maps at least once every three months, of the development work done in said premises. Then follow the allegations that respondent, at a certain time and place, caused a notice of forfeiture to be served upon appellant; and that appellant failed to remedy the cause or causes set forth in said notice.

I am unable to understand what further facts were necessary to inform appellant what was intended. Certainly appellant could not have been misled as to what was intended, for, by his answer, he not only expressly denies said allegations but, by his further and separate answer, he expressly alleges that he did perform the very acts complained of by respondent; and the jury, by their special verdict, found in favor of respondent. I am of the opinion that the complaint, as a whole, clearly states facts sufficient to constitute a cause of action for a forfeiture of the lease and agreement in question. We are not here concerned with the facts, as the evidence is not before us, and we must therefore assume that there was ample evidence to support the findings of the jury, upon which the jury found that two of the covenants, to be performed by appellant, had been breached; and, under the express terms of the lease and agreement, it is provided that any failure on

the part of appellant to perform any of the covenants shall be construed as a forfeiture of the lease.

Finding no error in the record, it is hereby ordered that the judgment appealed from be and the same is hereby affirmed.

### ON PETITION OF REHEARING

March 7, 1940.

*Clifford A. Jones, Roland H. Wiley* and *Harry T. Young,* for Appellant.

*Ham & Taylor,* for Respondent.

## OPINION

By the Court, DYSART, District Judge:

The petitioner, appellant above named, files his petition for rehearing and bases his petition for rehearing upon two grounds which are in substance as follows:

First, that the holding in our former opinion that the insufficiency of the special verdict to support the judgment could not be raised for the first time on appeal,

where the appeal is taken upon the judgment roll alone, is in conflict with the constitution, laws of the State of Nevada, and the former holdings of this court; and secondly, that the holding in our former opinion that the question whether the complaint states a cause of action, with reference to the particular breaches of covenants upon which the judgment is predicated, cannot be raised for the first time on appeal, where the appeal is taken upon the judgment roll alone, is in conflict with the laws of this state and former holdings of this court.

██ In our former opinion we expressly held that the only points raised for the first time on appeal which could be considered by this court was the objection to the jurisdiction of the court or the objection that the complaint failed to state facts sufficient to constitute a cause of action, and it therefore follows that all other points or objections raised for the first time on appeal are therefore waived. So it follows that as to the first ground or point raised by petitioner, namely, that the special verdict of the jury was insufficient to support the judgment, the same was waived for the reason that so far as the record discloses no objection was ever made to the special verdict of the jury by motion for a new trial, or otherwise, in the trial court.

As to the second ground or point relied upon by petitioner, namely, as to whether the complaint states a cause of action with respect to the particular breaches of covenants upon which the judgment is predicated. This point was fully considered and passed upon in our former opinion, in that we recited the covenants of the lease agreement, the allegations of plaintiff's complaint as to the breaches alleged to have been made, the denials of the alleged breaches contained in defendant's answer, and held that the complaint stated facts sufficient to constitute a cause of action. So it appears from the petition that petitioner is attempting to reargue the questions heretofore argued, submitted, and passed upon in our former opinion.

We are satisfied that our former opinion satisfactorily answers all of the points properly presented by the record on appeal, and that the same is not in conflict with the former holdings of this court.

■ Rehearings are not granted as a matter of right and are not allowed for the purpose of reargument unless there is a reasonably probability that the court has reached an erroneous conclusion. Pershing County et al. v. Humboldt County et al., 43 Nev. 78, 183 p. 314.

The petition for rehearing is denied.