ANNABELLE HARRIS, Appellant, *v.* GEORGE HARRIS, Respondent.

No. 3420

December 4, 1944. 153 P. (2d) 904.

*Lewis & Hawkins,* of Las Vegas, for Appellant.

*Louis Cohen,* of Las Vegas, for Respondent.

## OPINION

By the Court, ORR, C. J.:

An appeal has been taken in this case on the judgment roll alone, and among the papers which have been certified to as constituting the judgment roll is one designated as "Special Findings of Fact by the Jury," and another document designated as "Special Verdict." There is no general verdict.

Appellant has moved this court for an order striking the document designated as "Special Findings of Fact by the Jury," and further asks us to strike from the decree of divorce certain specified parts. The motion to strike the said document designated as "Special Findings of Fact by the Jury" is on the ground that findings form no part of said judgment roll for the reason that there is no general verdict, and that special findings of fact by the jury can only be returned where a general verdict is rendered.

Respondent seems to concede that special findings can only be returned in aid of a general verdict, but asserts that the so-called "Special Findings of Fact by the Jury" as found in the judgment roll is in fact a special verdict; that the substance rather than the form should be looked to; and that we should disregard the fact that the jury designated the document as "Special Findings of Fact" and consider said document as a special verdict.

Had the jury filed but one document in the case, the argument of respondent might be more persuasive. We have a separate, independent document which has been returned by the jury and designated by it as its special verdict, and to adopt respondent's theory would require this court to disregard the document so designated and replace it with an entirely different one. This would be amending the record and a disregard of the evident intention of the jury. There is no occasion for construction of interpretation. The two papers are separate and distinct, plainly indicating the intent and purpose of the jury in each instance. It may be the jury misconceived its functions and acted under the belief that it possessed the same right to file findings with a special verdict as in the case of a general verdict, for there is no other apparent tie-in between the two documents returned by it.

■ "Special findings have no force or validity as such unless they accompany a general verdict." Bancroft Code Practice and Remedies, vol. II, p. 2054, sec. 1588, note 1. "Of course, special interrogatories submitted should be disregarded in case the jury renders a special verdict." Bancroft Code Practice and Remedies, vol. II, p. 2055, sec. 1589, note 8. "If, in their discretion, they render a special verdict, and particular questions of fact have been submitted to them, the latter may be ignored. They cannot be required to find upon such questions except in case of the rendition of a general verdict. * * * A special verdict is one thing, and a special finding upon particular questions is another and entirely different thing." Pickett v. Handy, 5 Colo. App. 295, 38 P. 606, 607.

■ The filing of the so-called "Findings of Fact by the Jury" was unauthorized and they form no part of the judgment roll. Only such matters as are designated by section 8829, N. C. L. 1929, should be placed in the judgment roll, and the unauthorized "Findings of Fact by the Jury" is not one of them. Lindley & Co. v. Piggly

Wiggly Co., 54 Nev. 454, 22 P. 2d 355; Harper v. Lichtenberger, 59 Nev. 495, 92 P. 2d 719, 98 P. 2d 1069, 99 P. 2d 474; Magee et al. v. Whitacre et al., 60 Nev. 202, 207, 96 P. 2d 201, 106 P. 2d 751.

■ Respondent argues that the said findings having been adopted by the trial court in its decree, they come within the provisions of said section 8829, N. C. L. 1929. The said findings being beyond the province of the jury to find, they have no place in the case and the trial court was without authority to adopt something which had no legal existence.

The motion to strike the "Special Findings of Fact by the Jury" is allowed.

■ The motion to strike certain portions of the decree of divorce is denied. We think that the provisions of the decree complained of should be allowed to remain to be tested on appeal as to whether, on the face of the record, they disclose such fundamental error that it can be considered in the absence of a bill of exceptions. 4 C. J. S., Appeal and Error, p. 1729, sec. 1232; 4 C. J. S., Appeal and Error, p. 1734, sec. 1239; 3 C. J. p. 1339, sec. 1476.

ON THE MERITS

June 4, 1945. . 159 P. (2d) 575.

*Lewis & Hawkins,* of Las Vegas, for Appellant.

*Louis Cohen,* of Las Vegas, for Respondent.

## OPINION

By the Court, ORR, J.:

This appeal is on the judgment roll alone, and presents for consideration the question of whether or not the special verdict rendered by the jury is insufficient to sustain the judgment, and whether that question can be considered in the absence of an appeal from an order denying a motion for a new trial.

The action was one for a divorce, wherein the respondent, as plaintiff in the court below, prayed for a decree on the grounds of three years separation. Issues were joined on that question, also on a cross-complaint filed by appellant, as defendant and cross-complainant in the trial court, wherein she asked for separate maintenance. A jury was impaneled and a special verdict by it rendered, reading as follows:

"We, the Jury in the above entitled action find the following special verdict in said action:

"Question 1:

"Did the plaintiff during the summer or Autumn of 1942 form any intention to make his home in the State of Massachusetts?

"Answer: No.

"Question 2:

"Did the parties have sexual intercourse together during the month of August 1939?

"Answer: No.

"Question 3:

"Did the parties have sexual intercourse together during the month of September, 1939?

"Answer: No.

"Question 4:

"Was the plaintiff guilty of extreme cruelty toward the defendant prior to July 15, 1943, the date of the filing of plaintiff's complaint?

"Answer: Yes.

"Question 5:

"Did the plaintiff wilfully desert the defendant for the period of one year or more prior to July 15, 1942?

"Answer: Yes.

"Question 6:

"Did the plaintiff neglect for the period of one year or more, prior to July 15, 1942, to provide the defendant with the common necessaries of life when such neglect was not the result of poverty on the part of plaintiff which he could not avoid by ordinary industry?

"Answer: Yes.

"Dated this 13 day of December A. D., 1943

"H. K. Trout
"Foreman."

There was also found by the jury certain special findings of fact, reading as follows:

"We, the Jury in the above entitled action, find the following facts in answer to the following questions of fact:

"Question 1: Was Plaintiff and Cross-Defendant, George Harris, a bona fide resident of the state of Nevada for a period of at least six weeks prior to the commencement of this action and at the time he filed his complaint?

"Answer: (Insert answer "yes" or "no")

yes

"Question 2: Have the parties hereto, George Harris and Annabelle Harris, lived separate and apart without

cohabitation for a period of at least three consecutive years immediately prior to the commencement of this action?

"Answer: (Insert answer [ "yes" ] or "no")
yes

"If you find that the parties hereto have lived separate and apart without cohabitation for a period of at least three consecutive years immediately prior to the commencement of this action, then you will answer Question 3.

"Question 3: Was George Harris or Annabelle Harris the fault of such separation?

' "Answer: (Insert answer here by writing either 'George Harris' or 'Annabelle Harris')
"Annabelle Harris

"Dated this 13 day of December, 1943
"H. K. Trout
"Foreman."

After rendition of the special verdict by the jury, the court, having theretofore reserved certain questions for determination, such as the custody of the minor children, property matters and alimony, proceeded to hear evidence thereon, and thereafter entered its decree. In said decree the court made the following statement: "and thereafter on the 13th day of December, 1943 * * * said jury rendered its verdict and findings whereby said jury found, among other facts, that the plaintiff and cross-defendant, George Harris, was a bona fide resident of the State of Nevada for a period of at least six weeks prior to the commencement of this action and at the time he filed his complaint herein; and that the parties hereto, George Harris and Annabelle Harris, have lived separate and apart without cohabitation for a period of at least three consecutive years immediately prior to the commencement of this action * * * and the court having accepted said verdict and having adopted the findings of said jury,

and having determined therefrom that it had jurisdiction of the subject matter of this action and the parties hereto, the court on said 14th day of December, 1943, after having duly exercised its discretion, found that plaintiff and cross-defendant, George Harris, is entitled to a divorce from the defendant and cross-plaintiff, Annabelle Harris, and ordered that a decree of divorce be granted said George Harris upon the ground that for more than three consecutive years, immediately prior to the commencement of this action, the parties hereto have lived separate and apart without cohabitation."

The judgment roll as filed in this court contained the findings of fact by the jury, hereinbefore set out. Appellant moved this court to strike the said findings of fact by the jury, on the ground they were not properly a part of the said judgment roll. This court granted said motion, assigning as a reason therefor that the jury had no authority to return such findings of fact, there being no general verdict in this case. Harris v. Harris, 62 Nev. 473, 153 P. 2d 904. The judgment roll we now have before us contains the pleadings, minutes of certain proceedings of the court and court orders, special verdict and decree.

 As we have stated, the principal error relied upon by appellant is that the special verdict does not include findings of fact from which the court could legally draw the conclusion of law that the respondent was entitled to a divorce. Respondent argues that the specifications of error in this respect are without merit, as this appeal is on the judgment roll alone without a bill of exceptions, and no appeal having been taken from an order denying a new trial the point has been waived, and maintains the case of Harper v. Lichtenberger, 59 Nev. 495, 499, 92 P. 2d 719, 98 P. 2d 1069, 99 P. 2d 474, is decisive of this appeal, because appellant makes no contention that the complaint does not state facts sufficient to constitute a cause of action, and, respondent

maintains, no jurisdictional question appears. Appellant's position is that she raises a jurisdictional question, in this: there is no finding by the jury, or the court for that matter, that respondent had been a bona fide resident of the State of Nevada for six weeks immediately prior to the filing of the complaint, and no finding that the parties had lived separate and apart without cohabitation for three consecutive years. We think this contention is correct; both are jurisdictional questions and findings thereon, by the jury, were necessary to the validity of the judgment entered herein. Respondent cites many cases holding, in substance, that objections to findings of fact or conclusions of law, if warranted at all, cannot be raised for the first time on appeal. We do not think the cases cited have any application here; they deal with causes tried before the court without a jury. Here we are dealing with the sufficiency of a special verdict rendered by a jury, and no presumption can be indulged that findings necessary to support the judgment and not contained in the special verdict were found. The special verdict speaks for itself, and we have it before us as part of the judgment roll. There is no procedure which would authorize appellant to request further findings by the jury after the rendition of its verdict, and no waiver could result by failure to make such a request, as is sometimes the case where a cause is tried by the court. But, as matter of fact, if such were the allowed procedure we would not be required to indulge in presumptions here, because the decree entered by the court affirmatively shows what occurred. The court based its findings as to the jurisdictional questions involved upon the special findings of fact by the jury, upon the theory that the special findings could be considered in aid of a special verdict. Since the findings of the jury on those jurisdictional questions have been stricken, the judgment of the court based thereon must necessarily fall as having no basis in fact. Hence there is no finding which would authorize the

court to enter a decree finding respondent a bona fide resident of Nevada and to grant respondent a divorce on the ground of three years separation.

 Further, on the question of whether the insufficiency of the verdict can be considered without there first having been made a motion for a new trial, and the citation of the cases of Parks v. Garrison, 57 Nev. 480, 67 P. 2d 314, and Harper v. Lichtenberger, 59 Nev. 495, 499, 92 P. 2d 719, 98 P. 2d 1069, 99 P. 2d 474, in support of that contention, it should be observed that in those cases this court considered the question of whether the finding of the trial court, in the one, and the special verdict in the other, were sufficient to support the judgment of the court. Many cases hold that an objection that the judgment does not follow the special verdict cannot be raised on motion for new trial. In Mackie v. Fuqua, 14 Tenn. App. 176, at page 179, it is said: "An objection that the judgment does not follow the verdict cannot be raised by a motion for a new trial." See, also, 46 C. J. p. 101, sec. 64, and notes; 4 C. J. S., Appeal and Error, p. 827, sec. 386. It is unnecessary to determine whether or not the questions here presented for consideration could have been considered on a motion for a new trial under our practice, because, conceding that they could have been, such remedy would not be exclusive, as the error complained of appears on the face of the judgment roll, and so appearing and presenting a jurisdictional question, we are authorized to consider it; and having done so, find the special verdict insufficient in the particulars hereinbefore set out. As a general rule, sometimes by reason of statute, a special verdict must find all of the facts essential to a judgment and necessary to entitle the party having the burden of proof to recover, or at least the material facts which are in dispute; nothing must remain for the court to do but draw conclusions of law. 64 C. J. p. 1161, sec. 949. See, also, sec. 8777, vol. 4, Nevada Compiled Laws, 1829; Garfield v. Knight's Ferry & Table

Mountain Water Co., 17 Cal. 510; Coburn Cattle Co. v. Small, 35 Mont. 288, 88 P. 953, 954. In the latter case it is said: "The record presented for consideration is the judgment roll, and the question presented for review is whether the special verdict rendered by the jury sustains the judgment." Section 1100 of the Code of Civil Procedure of Montana 1895 is the same as section 8777, Nevada Compiled Laws, 1929. In Coburn Cattle Co. v. Small, supra, the Montana court held that a special verdict should find all the facts which are necessary to enable the court to determine by a consideration of the pleadings and the verdict alone which party is by law entitled to a judgment, without reference to the evidence.

In Abraham v. Mack, 130 Or. 32, 273, P. 711, at page 713, 278 P. 972, it is said: "It is a general rule that a special verdict must state all the facts essential to a recovery, and that nothing can be supplied by intendment." See, also, Thompson on Trials, vol. II, 2d ed., par. 2651.

It is apparent that the special verdict here falls far short of supplying the necessary facts which would authorize the court to enter the judgment that it did.

■ Appellant makes some contention that verdict as rendered is sufficient to authorize the court to enter a judgment awarding her separate maintenance, for the reason that the findings contained in the special verdict are favorable to her. It does not necessarily follow that the court should have entered a decree awarding the appellant separate maintenance, because had the facts upon which the court purported to act been legally found in a special verdict, the court could have exercised its discretion and awarded respondent a divorce, notwithstanding some findings in the special verdict favored appellant. The record does not indicate that the trial court was disposed to favor appellant's plea for separate maintenance, and it does not justify us in ordering such a decree entered.

The judgment in this case not being supported by the special verdict and certain jurisdictional facts not being legally found, the said judgment must therefore be reversed, and it appearing that the only manner in which the case can be satisfactorily determined is by a new trial, it is so ordered.